## J. A. B. WHITNEY, Plaintiff in error,

### *vs.*

## THE STATE BANK, Defendant in error.

#### ERROR TO THE DANE CIRCUIT COURT.

An authority to an agent to sell property does not authorize him to pledge or transfer it as security for his own private debts; and the pledgee in such case acquires no interest therein as against the real owner.

W., the owner of certain "school land certificates," left them with one N., a real estate agent and dealer, to sell; N. pledged them to a bank as security for his own private debt. Held, that this act of N. was wholly unauthorized, and did not bind W., the principal.

School land certificates are not like negotiable paper, which may be transferred or sold by the party having lawful possession so as to bind the real owner. But they are contracts for the sale of real estate, creating an interest in land, and can only be sold and transferred like other real estate contracts.

School land certificates are not negotiable instruments in the proper sense of the term, and the rules applicable to commercial securities do not apply to this class of contracts.

A general agent, with whom school land certificates are left for sale, has no authority to pledge them for his private debt, and the person who receives them for such purpose is bound to know his want of authority; he derives no title to them; and they may be reclaimed by the owner.

A blank indorsement of school land certificates is not conclusive evidence of ownership in the holder thereof.

This was an action brought by the plaintiff in error against the defendant in error to recover the possession of eight certain "school land certificates." The plaintiff alleges that on or about the 19th day of September, 1857, the said certificates were left by him with one Reuel Noyes, a real estate dealer and agent, then in the city of Madison, for the purpose of selling the same on commission on behalf of and for the benefit of the plaintiff, and for no other purpose; and that, sub-

sequently thereto, the said Noyes, in violation of said agreement, and without the authority, or knowledge, or consent, or subsequent ratification in any wise, of the said Whitney, and in direct violation of his rights, as owner thereof, fraudulently deposited with and pledged to the defendant in this action the said certificates as collateral security for the payment of his, the said Noyes, private indebtedness to the said defendant, and as such collateral security, and by no other right or claim, said certificates are now held by the said defendant; and that he has frequently called upon the said defendant, through his agent, and requested a re-delivery to him of the certificates aforesaid, "yet the said defendant, well knowing the premises, and that the plaintiff is the real and actual owner of said certificates, and that the same were pledged to the defendant by the said Noyes without any authority of the plaintiff, and in violation of his rights as owner thereof, have at all times refused and still refuse to deliver up said certificates to the plaintiff, pretending that they have the right to hold the same as security for the said indebtedness of the said Noyes, and to sell the same, if need be, for the payment of said indebtedness."

"The plaintiff therefore prays, that by the proper judgment of this court, the defendants may be ordered to deliver up to the plaintiff the certificates aforesaid, and that the plaintiff may be adjudged to be the legal owner and entitled to the possession of said certificates, and the lands in said certificates described, as against the said defendant, and all persons claiming under the said defendant or the officers thereof, or that the plaintiff may have such further or other relief, or both, as shall be agreeable to equity and right."

The defendant below demurred to the complaint on the ground that it did not state facts sufficient to sustain a cause of action, or to entitle the plaintiff to the relief prayed for. The demurrer was sustained, and judgment rendered for the

defendant below, to reverse which this writ of error is brought.

*Abbott & Clark*, for the plaintiff in error.

The " *School Land Certificates* " are, like deeds, and other instruments relating to the transfer of lands, mere evidences, or muniments of title. In this consists their whole value. They do not, like negotiable paper, possess an inherent and intrinsic value.

The transfer of such certificates, from hand to hand, like negotiable paper, passes no title to the holder, to the lands described in them. Rev. Stat., 1849, ch. 59, § 1 ; id., ch. 75, § 6.

Provisions relating to certificates of sale by the Com. of School and University Lands. Rev. Stat., ch. 24, §§ 20, 21, 22, 23, and 24, &c., &c.

None of these provisions shows any intention on the part of the Legislature to relax the general principles and rules relating to the conveyance of real estate, in favor of the certificates.

*Smith & Keyes*, for the defendant in error.

There is not enough stated in the complaint to show that Whitney was the owner even of the certificates, for it is not averred that they were not assigned ; and as to the ownership of the land, that belongs to the State by the terms of the certificates and the law applicable to them. R. S., ch. 24, § 19. " The title of all school and university lands shall remain in the State until the patent shall issue," &c., § 20. The certficates of sale shall entitle the purchaser to possession of the land, &c. Section 22, provides that the certificates may be assigned, and that the assignee shall have the same rights as the original purchaser. Therefore to entitle the plaintiff to these certificates it should be averred that he had not assigned them. The court could in no event adjudge the title to the land to be in the defendant, or any one else.

It is apparent from the complaint that the certificates were assigned; otherwise Noyes could not have disposed of them for any purpose. If the certificates were assigned to Noyes directly or in blank, so that he could sell them, then his transfer of them to the bank, as stated in the complaint, vested in the bank a perfect right to the possession, and the bank was not bound to inquire by what authority Noyes held them, or whose they were.

The allegation in the complaint is, that Noyes was a "real estate agent or dealer," and that the certificates were left with him for sale. "A knowledge that the person selling the goods as a factor if he also carry on business on his own account will not be sufficient to charge the vendee with notice." *Moore vs. Clemenston*, 2 Crampt. Rep., 22; *Hogan vs. Short*, 24 Wend., 458, 461, 462; *Maanss vs. Henderson*, 1 East Rep., 335; Dunlap Payley's Agency, p. 334, note 10; 2 Smith's Leading Cases, 79.

"It would seem to be a conclusion of superior justice and wisdom, that a factor or commercial agent, clothed by his principal with the apparent symbols of ownership of property, should be deemed the true owner in respect to third persons dealing with him, fairly in the course of business as purchaser or mortgagee." 1 Bell's Com., 483, 489; 2 Kent's Com., title "of the power and duties of agents," p. 816, note b. *Williams vs. Barton*, 3 Bing. Rep., 139.

But Noyes was not only a real estate agent but he was a real estate dealer on his own account, and therefore the State Bank or any one purchasing real estate or school land certificates of him was not required, by any rule of law, to inquire beyond him for the ownership of the property; such is the well established rule of law applicable to such cases.

Whitney trusted Noyes with his property and with the evidence of title in him, and he must look to Noyes for its value. He ought not to have a right of action against the defendant

the vendees of Noyes. The establishment of such a rule of law would be productive of great wrongs and great frauds.

*By the Court,* COLE J. The only question we have to consider in this case is, the correctness of the order of the circuit court sustaining the demurrer to the complaint. The objection taken to the complaint in the demurrer, is the general one, that it does not state facts sufficient to constitute a cause of action. If, therefore, the complaint is found to be bad, in substance, the order sustaining the demurrer must be affirmed.

The complaint alleges substantially, that Whitney, the plaintiff in error and plaintiff below, is the true owner and lawfully entitled to the possession of eight school land certificates, which had been left by him with one Reuel Noyes, a real estate dealer and agent in Madison for the sole purpose of being sold on commission, and for the benefit of the plaintiff; and that Noyes, without his authority, knowledge, or consent, pledged the certificates to the State bank as collateral security for the payment of his own private indebtedness to the bank; and that the bank insisted upon holding them as security for the payment of such debt. These are the material facts averred in the complaint, and the question is, do they state a cause of action?

It cannot be necessary to cite authorities in support of such elementary propositions of law as these; that a principal is bound only by the authorized acts of his agent; and that an authority to an agent to sell property, does not authorize him to pledge or transfer that property as a security for his own private debt. The books abound in cases where these fundamental principles of agency and bailment are discussed, applied and determined. The complaint in this case alleges that Whitney was the true owner of the certificates, that they were left with Noyes to sell, and that the agent had pledged them

to the bank as security for the payment of his own private debt. This act of Noyes was entirely unauthorized, and could not bind the principal. To pledge the certificates was beyond the scope of his authority, and his attempt to pledge them as security for the payment of his own debt, was a tortious act, and conveyed to the pledgee no title. It is to be observed that these school land certificates are not like negotiable paper, which the party having the lawful possession of, although he may not be the owner, may, as a general rule, pledge or sell absolutely, so as to bind the rights of the true owners. These certificates are, properly speaking, contracts for the sale of real estate, creating an interest in land, and can only be sold and transferred like any real estate contract. R. S., ch. 20, passim; *Smith vs. Mariner*, 5 Wis., 551. Not being negotiable instruments, in any proper sense of the word, we know of nothing in the nature and use of this kind of property which requires an application to it of rules which belong to commercial securities. It was suggested by the counsel for the bank, that it was fair to assume that these certificates were assigned according to the universal custom in blank; and that Noyes, having them in his possession, was clothed with the usual insignia of title, and that the bank was not bound to inquire whether he was the real owner or not. It is true that when an agent is intrusted with the disposal of negotiable securities, and he disposes of them by sale, pledge, or otherwise, contrary to the orders of the principal, to a *bona fide* holder, without notice, the principal cannot reclaim them, for the reason that in such cases the principal holds out the agent as having an unlimited authority to dispose of such instruments as he may please. But a wide distinction must and does exist between such securities and a real estate contract.

The complaint in this case is silent as to whom these certificates were assigned. It alleges that the plaintiff was the

real and actual owner of them, and that they had been left with Noyes to sell. It is not pretended that they were assigned to Noyes. He held them as a real estate agent to sell for the benefit of Whitney. The bank was bound to know that as a general agent he had no authority to pledge or transfer the property of his principal as security for his own debts, and if it received the certificates for such a purpose, the title did not pass, and the certificates may be reclaimed by the owner. The bank undoubtedly knew that Noyes was acting as a general real estate agent, and it dealt with him at its peril. He was not authorized to pledge these certificates, but to sell them. Had he sold them to the bank, the sale might have bound Whitney, even though Noyes had failed to pay over the money. But as the case stands the bank cannot hold them against the true owner.

The demurrer, therefore, was improperly sustained.

The order of the circuit court, sustaining the demurrer, is reversed, and the cause remanded for further proceedings according to law.