LAMPE vs. KENNEDY and others.

*February 21 — March 18, 1884.*

EVIDENCE: BOUNDARIES OF LAND. *(1) Instructions to jury. (2) Declarations as part of* res gestæ. *(3) Examination of witnesses.*

1. The court may instruct the jury as to the rules of evidence but not as to the relative weight of the testimony or the credibility of the witnesses.

2. Declarations accompanying the act of parting with the title and possession of land, as to the boundaries thereof, are not within the rule that declarations accompanying the act of possession and explanatory thereof, if made in good faith, are admissible as part of the *res gestœ*.

3. Positive testimony of a fact not having been shaken on cross examination, it was not error to refuse to permit the witness, on his redirect examination, to state the circumstances which fixed such fact in his mind.

APPEAL from the Circuit Court for *Dane* County.

*Aldro Jenks*, for the appellants.

*J. P. Smelker*, attorney, and *W. E. Carter*, of counsel, for the respondent.

LYON, J. This is the fourth appeal in this case. It was taken by the defendants from a judgment for the plaintiff, pursuant to the verdict of a jury in his favor, on the fourth trial of the cause. The case on former appeals is reported in 45 Wis., 23; 49 Wis., 601, and 56 Wis., 249. The testimony on the last trial was substantially the same as on the second and third trials. No detailed statement of the case will be made here, for that was fully done in the former reports thereof. A reference to them must suffice.

.The opening paragraph in the opinion on the third appeal (56 Wis., 251) states the law of the case, which must control our judgment on the present appeal. It is as follows: " The result of the judgments of this court on the two former appeals is that if the place where the stake stood, which is referred to in Goodsell's deed to the grantors of the defendants as at the northwest corner of ' Rowell's lot,' can be established, that must control in fixing the line between the lots of the respective parties. But if the place where the stake stood cannot be identified, the plat must control. The last trial of the case appears to have been conducted upon a correct understanding of the former judgments, and the struggle on behalf of defendants was to show that the

stake referred to in such deed was located at or very near the west end of the fence mentioned in the same deed as 'Rowell's fence.' Succeeding in that, the defendants would have been entitled to judgment. Failing to identify the exact place where the stake stood, the plat must control, and the proof is very strong that in such case the plaintiff is entitled to judgment. The defendants' testimony tends to prove the location of that stake. It was so adjudged on the second appeal, on substantially the same testimony, and the point is *res adjudicata* in the case, as long as the testimony remains unchanged." This effectually disposes of the claim that the verdict was unsupported by the evidence, which seems to be now made for the first time during this protracted litigation. It also shows what is the real issue of fact between these parties.

The learned circuit judge gave the jury certain specific instructions proposed on behalf of the plaintiff, and certain other instructions proposed on behalf of the defendants, besides charging them generally as to the law of the case. The charge (including such instructions) seems to cover the whole case, and is in strict accord with the adjudications of this court on the former appeals. No error is assigned upon the charge, and it is unnecessary further to refer to it.

Error is assigned, however, upon the refusal of the court to give two instructions asked on behalf of the defendants, as follows:

"If the jury believe from the evidence that the original stake marking the northwest corner of Tormey & Co.'s lot stood upon the south side of the ravine testified to, and that, according to the plaintiff's relocation of the lots upon the plat, such corner would be moved further north, so as to fall in or upon the north side of said ravine, it would show that the plaintiff is mistaken in his relocation of said lots.

"If the evidence fails to satisfy the jury as to the location of the stake, they should, before returning a verdict for the

plaintiff, be satisfied that the survey made by Mr. Comfort, by which he sought to establish the boundary line in dispute, is accurate and reliable; and in considering the accuracy of said survey the jury are at liberty to consider the manner in which he established the southwest and northwest corners of the quarter-section in which the lots are situate, the almost daily variation of the magnetic needle, the rough and broken character of the ground over which the measurements were made, as well as the liability of the surveyor or chainmen to make mistakes in the measurements or calculations."

In explanation of these proposed instructions, it should be stated that there was considerable testimony to the effect that a stake which once stood on the quarter-section line a little south of a ravine, marked the *northwest* corner of the Tormey & Co.'s lot,—the *southwest* corner thereof being the disputed corner. Also that the plaintiff put in evidence a survey made by Mr. Comfort, a surveyor.

These proposed instructions relate to the relative weight and inherent weakness of certain testimony in the case. It is the especial province of the jury to determine those matters, and they were instructed (no doubt correctly) that they were the sole judges of the weight of testimony and the credit due to witnesses.

While the court may very properly instruct the jury as to the rules of evidence, it should not instruct them as to the relative weight of the testimony or credibility of witnesses. That is for the jury to determine. We fail to discover in the proposed instructions a statement of any legal rule of evidence. We conclude that the refusal to give them was not error.

The remaining errors assigned were upon the rulings of the court rejecting certain testimony offered by the defendants.

*Thomas Tormey,* one of the defendants, who purchased

his interest in the defendants' lot about a year after Good-sell conveyed it, was asked this question: "At the time you purchased that interest in 1848 were the corners of the lot pointed out to you by the owners?" An objection to the question was sustained. To show that the testimony ought to have been received, the learned counsel for the appellant cites 1 Greenl. on Ev., sec. 109, where it is said: "No reason is perceived why every declaration accompanying the act of possession, whether in disparagement of the claimant's title or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestæ*, leaving its effect to be governed by other rules of evidence." This quotation refers to the declarations of persons in possession of land, explanatory of the character of their possession.

If the rule above stated is construed to mean that the declarations of the claimant's grantor in possession, *enlarging* the claimant's rights in the premises claimed, are admissible in evidence, still the testimony sought to be elicited by the rejected question is not within it. The declarations did not accompany the act of possession, but rather the act of parting with the title and possession. Neither can it be correctly said that they were made in good faith (which the rule makes an essential requisite to their admissibility), because they were made when the parties making them were directly interested to claim the largest dimensions for their lot. This is so, because, presumably, the larger the lot the more the witness would pay for it.

Another witness for defendants testified that thirty-two years ago (in 1851) he saw a stake at the northwest corner of the fence. On cross examination he said he did not see the stake set, and did not, of his own knowledge, know who set it, but that he had reason to know when he first saw it. On redirect examination the question was put to him, "What circumstance occurred that fixed this particular stake on your mind?" An objection to the question was

sustained.   The witness had testified positively that he saw the stake at the fence corner in a certain year, and his testimony was not shaken by the cross examination.   The proposed redirect examination could serve no possible purpose but to strengthen his testimony, which needed no strengthening.   Its rejection could not harm the defendants, even were it admissible.   Besides, the testimony sought was more properly matter for cross examination.

We conclude that none of the errors are well assigned. The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.