BANDELL, Respondent, vs. JELLEFF and another, imp., Appellants.

*February 27 — March 14, 1899.*

*Findings of fact: Appeal: Notice of fraud.*

In an action to set aside deeds on the ground of fraud, a finding of the trial court that purchasers from plaintiff's grantee took title with notice of facts and circumstances sufficient to put them upon inquiry, which would have led them to discover the fraud of their grantor in obtaining title from the plaintiff, is *held* to be an inference of fact from various items of evidence, and not a conclusion of law. It will therefore not be disturbed unless the evidence preponderates against it.

APPEAL from a judgment of the circuit court for Green Lake county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action to set aside and annul a deed from the plaintiff to the defendants William M. Bandell and wife, and also a deed from said Bandell and wife to the defendants *Jelleff* and *Wakefield,* on the ground that said Bandell procured his deed by a fraud upon plaintiff and that his grantees took title with knowledge of such fraud.

The trial court, among others, made the following find-

·ing of fact: "(21) That at the time of the execution and ·delivery to said *Jelleff* and *Wakefield*, by said William M. Bandell and wife, on said 3d day of April, 1897 (said deed being the deed described as Exhibit B of the complaint), they, the said *Jelleff* and *Wakefield*, had notice of facts and · circumstances sufficient to put them upon inquiry, which in-quiry would have led them to discover the fraud of said William M. Bandell in procuring said deed from plaintiff on the 16th day of January, 1896 (being said Exhibit A of the complaint), and to discover the fraudulent intent of the said William M. Bandell in executing to them, said *Jelleff* and *Wakefield*, said deed of said lands, viz. said deed described as Exhibit B of the complaint."

·The defendants *Jelleff* and *Wakefield* appealed from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Thompson, Harshaw & Thompson*, and oral argument by *J. C. Thompson*.

For the respondent there was a brief by *R. F. Hamilton*, attorney, and *Perry Niskern*, of counsel, and oral argument by *Mr. Hamilton*.

DODGE, J.   An examination of-the evidence discloses no preponderance against the findings of fact, by which, among other things, it is found that the defendants took title with notice of facts and circumstances sufficient to put them upon inquiry, which would have led them to discover the fraud of their grantor in obtaining title from the plaintiff. This is not, as contended by appellants, a conclusion of law, but an inference of fact from various items of evidence. Its effect is to deny the appellants the protection equity might accord to an innocent purchaser for value, and they are not entitled to reimbursement of the small amount of money paid by them to their grantor, no part of which came to the hands of the plaintiff.   *Rindskopf v. Myers*, 87 Wis. 80.

*By the Court.*— Judgment affirmed.