FISHER, Respondent, vs. HERRMANN, Appellant.

*June 3—June 18, 1903.*

*Fraudulent conveyances: Sale of stock of merchandise in bulk:* Bona
fides: *Evidence: Presumptions.*

1. Sec. 2310, Stats. 1898, provides that every sale of goods and chat-
   tels, unless accompanied by an immediate delivery and fol-
   lowed by actual and continued possession of the things sold,
   shall be presumed fraudulent as against the creditors of the
   vendor, and shall be conclusive evidence of fraud, unless it
   shall be made to appear that the sale was made in good faith
   and without any intent to defraud such creditors. In an action
   of replevin it appeared, among other things, that, on purchas-
   ing a stock of goods at a private sale under a chattel mort-
   gage, plaintiff discovered the existence of another mortgage
   lien on the stock, which, together with another sum for which
   an attachment had been issued and levy made, he satisfied by
   authority of the mortgagor, paying the balance of the pur-
   chase money to the seller. Prior to this payment to the seller,
   plaintiff had no knowledge concerning the seller's indebtedness
   aside from these claims, or concerning his financial situation.
   The next day plaintiff took possession of the stock and building,
   exercising all the rights of ownership, opened up business to
   make sales, and employed the seller to assist him in reopening
   the store and conducting the business. There was no evidence
   that the seller thereafter exercised any control over the stock
   as owner. *Held*, that the facts did not establish that fraud or
   bad motive infected the transaction, but, on the contrary, that
   the delivery of the stock to plaintiff, and his possession, were
   in good faith.
2. Under ch. 463, Laws of 1901 (sec. 2317b, Stats. 1898), providing
   that "the sale of any portion of a stock of merchandise other-
   wise than in the ordinary course of trade, in the regular and
   usual prosecution of the seller's business, or the sale of an
   entire stock of merchandise in bulk, shall be presumed to be
   fraudulent and void as against the creditors of the seller, un-
   less the seller and purchaser at least five days before the sale
   notify, or cause to be notified, personally or by registered mail,
   each of the seller's creditors whom the purchaser has knowl-
   edge of, or can with the exercise of reasonable diligence, ac-
   quire knowledge, of said proposed sale." *Held*, where there
   was an entire want of such notice to creditors, that the trans-

action is open to explanation, and the fraud presumed may be effectually repelled by the *bona fides* of the transaction.

3. In an action to test the *bona fides* of a sale in bulk of a stock of merchandise, where there had been no compliance with ch. 463, Laws of 1901, the court found, upon the proofs, that defendant had paid full value for the merchandise; that he made search of the records for mortgages and other liens thereon; that he paid all claims discovered by him by authority of the seller, and turned over a small balance of the consideration to the seller, having no knowledge that the seller had any other creditors, nor any information concerning the seller's property aside from the stock of merchandise. The evidence further showed, among other things, that defendant took possession of the stock the next day after completing the purchase, exercised all the rights of ownership, opened up business to make sales, and employed the seller to assist him in re-opening the store and conducting the business. There was no evidence that the seller thereafter exercised any control over the stock as owner. *Held*, that such facts were sufficient to show that plaintiff acted with ordinary care, and to rebut the legal presumption of fraud predicated on want of notice to creditors.

[4. The constitutionality of ch. 463, Laws of 1901, not being questioned on the oral argument, nor presented in briefs of counsel, the court expresses no opinion on that subject.]

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Action of replevin commenced in justice court to recover a stock of merchandise held by defendant as sheriff under writ of attachment. James Croak was a merchant at New London, October 4, 1902. His stock of merchandise was taken by a mortgagee under chattel mortgage, and advertised for sale October 17, 1902. Plaintiff purchased the stock October 7th for $525, and took possession October 8th. In making the purchase he dealt with one Walsh, an officer in possession of the stock under the mortgage, who had authority from Croak to make a private sale. Plaintiff made inspection of the city records, and found another mortgage lien against the stock. Under authority of Croak he paid the mortgage debts, amounting to $321.40, and $65.45 on a claim on

which an attachment had been issued and levy made on the goods. The balance, $138.15, was paid to Mr. Croak. Prior to this payment, plaintiff had no knowledge concerning Croak's indebtedness aside from these claims, nor any information concerning his financial situation. This action was begun on the day after plaintiff took possession of the stock. In the replevin action, under which defendant held the stock, it was charged that the sale to plaintiff was fraudulent and void as to creditors. Upon appeal, the action was tried before the court without a jury. It found in favor of plaintiff, and awarded judgment for the return of the goods, or, in default, to recover the value, and for $6.28 damages and costs. From this judgment defendant appeals.

For the appellant there was a brief by *Weed & Van Doren,* and oral argument by *R. N. Van Doren.*

For the respondent there was a brief by *Chas. A. Holmes,* attorney, and *Lamoreux & Park,* of counsel, and oral argument by *Mr. Holmes.*

SIEBECKER, J. The first ground of error assigns that the sale from Croak to the plaintiff was fraudulent and void as against Croak's creditors, mainly upon the ground that such sale was not accompanied by immediate delivery and change of possession of the goods. An examination of the testimony discloses that plaintiff took possession of the goods immediately after the mortgage and attachment claims had been paid, the day after the purchase; that the mortgage and the attachment claims were satisfied by the authority of Croak, and the stock and the possession of the building was delivered to the plaintiff, who exercised all the rights of ownership, and opened up business to make sales. Croak was employed by plaintiff to assist him in reopening the store and conducting the business. Nothing appears that Mr. Croak exercised any control over the stock as owner, but that he merely as-

sisted plaintiff in reopening the business. These facts are practically uncontradicted, and they must be given their natural and ordinary significance under the circumstances presented. The evidence supports the conclusion that the amount paid by plaintiff for the stock was its full market value. These facts do not establish that fraud infected the transaction, as claimed, under sec. 2310, Stats. 1898. The evidence fails to indicate any bad motive in the transaction. It shows that plaintiff paid full value for the goods, and that the delivery thereof and his possession were in good faith.

It is, however, asserted that the sale must be held fraudulent as against creditors of the vendor under the provisions of sec. 2317b, Stats. 1898, as enacted by ch. 463, Laws of 1901, which provides:

"The sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the seller's business, or the sale of an entire stock of merchandise in bulk, shall be presumed to be fraudulent and void as against the creditors of the seller, unless the seller and purchaser at least five days before the sale notify, or cause to be notified, personally or by registered mail, each of the seller's creditors whom the purchaser has knowledge of, or can, with the exercise of reasonable diligence, acquire knowledge, of said proposed sale. Except as expressly provided, nothing herein contained shall affect or change present rules of evidence or presumptions of law."

This is a new section, by which it is evidently sought to impose restraints upon the class of dealers comprehended by its terms from perpetrating frauds against their creditors. To accomplish that object, the legislature has imposed upon all such dealers and persons negotiating with them for the sale of any portion or all of their stock of merchandise, otherwise than in the ordinary course of trade, the burden of notifying the seller's creditors of whom the purchaser had actual knowledge, or of whom he could acquire knowledge by reasonable

diligence within five days; and, unless this notice is given, the sale shall be presumed to be fraudulent and void as against such creditors.

It is contended that the statute intends such want of notice to creditors of whom the purchaser had knowledge, or by the exercise of reasonable diligence could have acquired knowledge, to be conclusive evidence of fraud—that is, make a sale under such circumstances absolutely fraudulent and void. The terms of this statute, bearing in mind the object sought to be accomplished—to suppress fraud in the sale of merchandise in the particular manner covered by the act—make it the same in purpose and principle as sec. 2310, Stats. 1898, pertaining to. fraudulent conveyances and contracts. The interpretation placed upon the latter section by this court will therefore be helpful and suggestive in correctly interpreting and applying the provisions of this recent enactment. The terms of sec. 2310 analogous to those of this section declare such a sale fraudulent and void as to creditors, unless it be accomplished by an immediate delivery, and followed by an actual continued change of possession. These provisions have been construed, and considered in many cases wherein it is held that the continued possession of the property after such sale is only *prima facie* evidence of fraud, and may be explained by the parties, and the presumptions of fraud arising therefrom be rebutted by showing it was made without any intent to hinder, delay, or defraud creditors and subsequent purchasers in good faith. When good faith has been shown, this presumption of fraud, under the particular terms of the statute, is held to have been rebutted and fully overcome and the sale proved valid. *Whitney v. State Bank,* 7 Wis. 620; *Cook v. Van Horne,* 76 Wis. 520, 44 N. W. 767; *Michelstetter v. Weiner,* 82 Wis. 298, 52 N. W. 435; *Densmore C. Co. v. Shong,* 98 Wis. 380, 74 N. W. 114; *Rindskopf v. Myers,* 87 Wis. 80, 57 N. W. 967; *Missinskie v. Mc-Murdo,* 107 Wis. 578, 83 N. W. 758. The terms of sec. 2317*b*

are that a sale of property covered by it "shall be presumed to be fraudulent and void as against the creditors of the seller," unless the seller and purchaser notify, or cause to be notified, the seller's creditors of which the seller has notice, or by reasonable diligence can acquire knowledge of, personally or by mail, of the proposed sale. Want of such notice to the seller's creditors of whom the purchaser had notice, or could have acquired knowledge by reasonable diligence, is thereby declared of itself a circumstance of fraud; yet it is not to be conclusive, but only presumptive, of the fact of fraud. This import of the terms of the statute necessarily implies, though there is a want of notice to creditors, the transaction must be held open to explanation, and the fraud presumed may be effectually repelled by the bona fides of the transaction. The terms of the statute are in their nature strict and severe when applied to ordinary business transactions. They should not be held to imply conclusively that such transactions are infected with bad faith when the parties are actuated by fair and honest motives. This, in effect, accords with the provisions of sec. 2323, Stats. 1898, pertaining to fraudulent conveyances and contracts, declaring that the fact of fraudulent intent in such transactions is to be determined as a fact by the jury, or an inference of law by the court, upon all the facts and circumstances of the case. *Whitney v. State Bank, supra; Michelstetter v. Weiner, supra; Rindskopf v. Myers, supra; Norwegian P. Co. v. Hanthorn,* 71 Wis. 529, 37 N. W. 825; *Erdall v. Atwood,* 79 Wis. 1, 47 N. W. 1124; *Bleiler v. Moore,* 94 Wis. 385, 69 N. W. 164.

The question, then, arises, Does the evidence establish the facts required by sec. 2317b to repel the legal presumption of fraud raised by the want of notice by plaintiff to the seller's creditors? The trial court found upon the proofs that plaintiff paid full value for the merchandise; that he made search of the records for mortgages, and as to other liens on the stock; that he paid all claims discovered by him by authority

of the seller, and turned over a small balance of the considera-
tion, having no knowledge that the seller had other creditors,
nor any information concerning the seller's property aside
from this stock of merchandise.    These facts, in connection
with all the circumstances of the transaction, are sufficient to
show that plaintiff acted with ordinary care, and they rebut
the legal presumption of fraud predicated on the want of no-
tice to other creditors.    These conclusions dispose of the ques-
tions upon this appeal.    The validity of ch. 463, Laws of
1901, now sec. 2317b, Stats. 1898, was not questioned on the
argument, nor is it presented in the briefs of counsel.    We
do not, therefore, consider that the question of its validity is
before us for determination, and therefore express no opinion
on the subject.  ·

*By the Court.*—Judgment affirmed.