PROKOPOVITZ, Respondent, vs. KUROWSKI, Intervener, Appellant.

*October 10—November 4, 1919.*

*Fraudulent conveyances: Effect on innocent purchaser of failure to comply with bulk sales law.*

1. Where plaintiff sold merchandise in bulk to C., who sold to P., who in turn sold to defendant K., who paid part cash and agreed to pay and afterwards paid the same creditors of C., not including plaintiff, whom P. had agreed to pay, there being no compliance with the bulk sales law (secs. 2317c *et*

*seq.,* Stats.) as to any of the sales, K., if an innocent pur-
chaser for a valuable consideration from P., is not liable on a
claim of plaintiff against C. This statute does not render an
innocent purchaser for value from a first buyer liable to
creditors of the first seller, nor affect his title to the property.

2. Where K., who purchased for full value a stock of goods from
P., did not know that C., from whom P. bought, was still
indebted to plaintiff for the original purchase price, and K.
protected and caused to be paid all known creditors of C., the
sale to K. was not fraudulent as to the creditors of C., even
though there was no compliance with sec. 2317*c,* Stats., re-
quiring the list of creditors to be verified.

APPEAL from a judgment of the circuit court for Shaw-
ano county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

This action was brought by plaintiff upon notes owing to
him by the defendant Chimkà. Property in the hands of
the intervening defendant, *Joseph Kurowski,* was attached.
*Kurowski* claimed ownership, and plaintiff claimed that the
sale to *Kurowski* was void as to creditors of Mike Chimka,
who had sold the property to Joseph Palka, of whom *Kur-
owski* bought it; neither sale being in compliance with the
bulk sales law.

Plaintiff, *Prokopovitz,* originally owned the stock of mer-
chandise in question. He sold it to Chimka in bulk and took
as a part of the purchase price the $300 promissory note
which constitutes the first cause of action herein. Neither
plaintiff nor Chimka knew of the existence of the bulk sales
law and made no effort to comply with its provisions. Six
months later Chimka sold the stock in bulk to one Palka,
after an inventory had been made in which plaintiff assisted.
No effort was made to comply with the bulk sales law. A
part of the consideration for the stock was some property in
Chicago and the rest was an agreement by Palka to pay cer-
tain creditors of Chimka, amounting to $1,958.54. The list
of such creditors, with the amounts to be paid by Palka to
each, was attached to the bill of sale, but the claims on which
plaintiff sued were not in such list.

Palka in turn sold the stock of merchandise to the intervening defendant, *Kurowski.* He paid Palka $840 cash and agreed to pay, and later did pay, as the balance of the purchase price, the same creditors of Chimka whom Palka had agreed to pay. *Kurowski* refused to pay plaintiff's claims, as no note of them was made in the list given to him by Palka. The stock of goods was delivered to *Kurowski,* and plaintiff sued Chimka when *Kurowski* refused to pay his claims, and attached the goods. *Kurowski* intervened, claiming the goods.

The court held that the bulk sales law applies in favor of creditors of the first seller to sales subsequent to the first sale, and that *Kurowski,* although he did not intend to participate in a fraudulent sale and had purchased the stock in good faith for an adequate consideration, is nevertheless estopped from claiming that the bulk sales law does not apply to the sale from Palka to him as against Chimka's creditors. The court found the value of the Chimka goods acquired by *Kurowski* to be in excess of $3,200 and that he had paid claims against Chimka and Palka to the amount of $2,350. Judgment was entered in favor of the plaintiff for the sum of $546.93 damages and costs. The court adjudged that $83.94 of the amount of the costs was incurred by the intervening defendant and constituted a personal liability against him. This is an appeal from such judgment.

The cause was submitted for the appellant on the brief of *Kaftan & Reynolds* of Green Bay, and for the respondent on that of *Eberlein & Larson* of Shawano.

SIEBECKER, J. In addition to the facts referred to in the foregoing statement the court found (1) that the transfer of the goods, wares, and merchandise to *Kurowski* was accomplished by assignment by Palka of the contract of sale and purchase between him and Chimka; (2) that *Kurowski* knew the terms of such transfer of this property and that he knew that the creditors of Chimka specified in both sales to

be paid by the purchaser were not all of Chimka's creditors, and that he was informed before the purchase that Chimka owed plaintiff on the note sued on; (3) that *Kurowski* knew that Chimka and Palka were about to leave the state and that they probably had no property that could be reached by these creditors to satisfy their claims.

An examination of the evidence convinces us that the court erred in finding these facts. The evidence adduced fails to show that *Kurowski* had any knowledge of the terms of sale from Chimka to Palka aside from the fact of transfer and that Palka agreed to pay those of Chimka's creditors who were specified in the list attached to the bill of sale. There is no evidence to show that *Kurowski* knew Chimka owed other debts nor that Chimka owed plaintiff and the bank on the notes involved in this case. The record is also barren of proof that *Kurowski* had any knowledge that Chimka and Palka were financially irresponsible and their creditors would be unable to reach any property belonging to them or to secure payment of the debts owing by either of them. The finding that the transfer of the property by Palka to *Kurowski* was in effect an assignment of Palka's contract of purchase from Chimka is wholly unsupported by the facts. The evidence shows without dispute that a sale of property between Palka and *Kurowski* was negotiated on an agreed consideration through Palka's agent, and the transaction constitutes a direct sale of the goods between the parties. The trial court awarded recovery to plaintiff as a creditor of Chimka against *Kurowski* upon the grounds that plaintiff had the right to satisfy his claims out of the goods, wares, and merchandise Chimka sold to Palka, who in turn sold them to *Kurowski,* because the sale by Chimka was in violation of the bulk sales law (sec. 2317*c,* Stats.), and that *Kurowski,* under the facts of the transaction, is estopped from claiming title to the goods as against Chimka's creditors. Concededly the requirements of this act were not complied with in making these sales of these goods, and the sale

to Palka was void as to Chimka's creditors. The court held *Kurowski* could not stand in the position of an innocent purchaser as against Chimka's creditors in the light of the facts of the case. It is contended by plaintiff that the bulk sales law by its terms makes absolutely void as to the seller's creditors a transfer of a stock of goods not made in compliance therewith, and that a transferee under such circumstances acquires no title, and hence he cannot convey a good title to the goods to a third party. This claim is based upon the terms of the act declaring that such a sale "shall be conclusively presumed to be fraudulent and void as against the then existing creditors of the seller. . . ." The original statute did not make a sale in bulk without notice to the seller's creditors required by the statute *conclusively* void, and under that statute it was held in *Fisher v. Herrmann,* 118 Wis. 424, 95 N. W. 392, that the fraud presumed could be repelled by the *bona fides* of the transaction. It is evident that the amendment makes such a sale for want of conformity to the statute *conclusively* fraudulent and void as to the seller's creditors. This effect, however, does not render a sale of the goods void between the first buyer and a third party and prevent a transfer of title to the property from the former to the latter. *Zahl v. Billings,* 118 Wis. 459, 95 N. W. 374. The first seller's creditors had the right, however, of satisfying their demands against the property sold in the possession and ownership of the first purchaser, either by attaching the property in the buyer's hands or by garnishment of the buyer for the value of the goods he purchased. *Gazett v. Iola C. M. Co.* 164 Wis. 406, 160 N. W. 170; *Jaques-Tinsley Co. v. Carstarphen W. Co.* 131 Ga. 1, 62 S. E. 82, and cases cited; *Leidersdorf v. Kress,* 169 Wis. 484, 173 N. W. 218.

Applying these rules to the instant case, the result is that the sale from Chimka to Palka was conclusively void as to Chimka's creditors, who had the right to enforce payment of their demands by attachment of the goods in Palka's possession or to proceed in garnishment against Palka to collect

from him the value of the goods received from Chimka. This the plaintiff as Chimka's creditor did not do, but he attached the goods in possession of *Kurowski,* who purchased them from Palka three or four days after Palka acquired them from Chimka for a valuable consideration. The terms of the statute do not declare that a sale of goods by the fraudulent vendee, within this statute, to an innocent purchaser for value shall be void as to the creditors of the first seller. The provision declaring that the fraudulent vendee of the original vendor "shall become, and be held, liable and accountable to the creditors of the seller . . . for all goods . . . coming into his possession or control by virtue of such sale, . . ." (sec. 2317*f*) indicates an intent that the rights and liabilities arising out of the fraudulent sale in favor of the first seller's creditors are confined to liability for the goods in the possession and control of the first buyer or that he be proceeded against for their value. This statute does not render an innocent purchaser of the goods for a valuable consideration from the first buyer liable to the creditors of the first seller nor affect his title to the property. So in this case it must be held that *Kurowski* is not liable on a claim of plaintiff against Chimka if it appears he was an innocent purchaser of the goods from Palka for a valuable consideration. There is no dispute but that the sale from Chimka to Palka was void under the bulk sales law for want of compliance with its terms. It also appears that the sale from Palka to *Kurowski* was made without any attempt to follow the requirements of the bulk sales law. The plaintiff, however, is not a creditor of Palka, but sues as a creditor of Chimka. The trial court did not expressly find that *Kurowski,* in buying the goods in question, had the intent to hinder, delay, or defraud the creditors of Chimka. The question arises, Is he in law an innocent purchaser of these goods for value under the facts and circumstances shown by the evidence? As above indicated, *Kurowski* had no knowledge that Chimka was indebted to plaintiff or any person at the time he sold

to Palka, aside from the schedule of creditors Palka repre-
sented to him he had agreed to pay for Chimka and which
*Kurowski* in turn agreed to pay out of the purchase price
of the goods under his purchase from Palka.    The evidence
adduced does not warrant the inference that either Palka
or *Kurowski* knew that Chimka was indebted to plaintiff or
any person other that those specified in the list attached to
the bill of sale.    Can bad faith in the law be predicated on
the fact that this list of creditors was not verified by oath as
prescribed in sec. 2317c, Stats., and the further fact that the
parties to the transaction, though in fact ignorant of the
existence of the bulk sales law, were informed that such
steps as are required to make a valid transfer of this stock of
goods as against the seller's creditors were not, in fact,
taken?    As stated in *Fisher v. Herrmann,* 118 Wis. 424, 95
N. W. 392: "The terms of the statute are in their nature
strict and severe when applied to ordinary business transac-
tions."    We are not persuaded that the facts and circum-
stances of the sale to *Kurowski* characterize the transaction
as fraudulent in the legal sense.    It is apparent that *Kur-
owski* paid full value for the goods and that he did what an
honest purchaser would be expected to do, namely, see to it
that all the creditors of Chimka he had knowledge of were
protected and paid.    This, under the evidence, is all that
could reasonably be demanded of him in the light of his
knowledge and understanding of the facts surrounding the
transaction involved in both sales.    We are of the opinion
that the record does not show that the sale to *Kurowski* was
fraudulent as against the creditors of Chimka.    The trial
court seemingly awarded judgment in plaintiff's favor on
the principle that defendant *Kurowski* was estopped from
asserting title to the property in question under his alleged
purchase from Palka.    We find no justification for this con-
clusion on the facts of the case.    It follows that plaintiff
has· established no case which entitled him to judgment
against the defendant *Kurowski*.

*By the Court.*—The judgment appealed from by the defendant *Joseph Kurowski* is reversed, and the cause remanded with direction to award judgment dismissing plaintiff's complaint as against the defendant *Joseph Kurowski,* with costs.