THE H. B. CLAFLIN COMPANY, Respondent, vs. GRASHORN, Appellant.

*March 28 — April 12, 1898.*

*Fraudulent conveyance: Participation by grantee.*

1. In order to render a chattel mortgage of a stock of goods, given to secure a pre-existing *bona fide* debt, voidable as being fraudulent as to other creditors, the mortgagee must have actually participated in the fraudulent intent. So long as his purpose was simply to secure his own debt, his knowledge of the fraudulent purpose of the mortgagor will not affect the security.

2. It is no evidence of fraud that the notes secured by the mortgage are guaranteed by a third party. The holder has the same right to take other security as if they were not guaranteed.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

This is an action of replevin to recover a stock of dry goods. The stock was originally owned by Brown & Frost as copartners, and they gave a chattel mortgage thereon to the plaintiff December 17, 1895, to secure their notes, amounting to more than $23,000. Immediate possession was taken under the mortgage, and on the following day one Otten, who was a creditor of Brown & Frost to the amount of nearly $4,000, commenced his action, and sued out a writ of attachment, upon which the defendant, as sheriff, seized the said stock of goods; and the sheriff justifies such seizure on the ground that the chattel mortgage was given with intent to hinder, delay, and defraud the creditors of Brown &

The H. B. Claflin Co. vs. Grashorn.

Frost. At the close of the evidence a verdict for the plaintiff was directed, and from judgment thereon the defendant appeals.

*Paul T. Krez*, for the appellant, to the point that a transfer of goods, though for a full and valuable consideration, made for the purpose of defeating the claims of creditors and without the knowledge and assistance of the transferee, is fraudulent as to those creditors, cited *Robinson v. Holt*, 75 Am. Dec. 233; *Beidler v. Crane*, 25 Am. St. Rep. 349; *Beels v. Flynn*, 26 id. 351; *Renninger v. Spatz*, 15 id. 692. Taking additional security is also a sign of fraud. *Crapster v. Williams*, 21 Kan. 109.

*Willard C. Cole*, for the respondent.

WINSLOW, J. The verdict in this case was rightly directed. It is not denied that Brown & Frost justly owed the plaintiff the entire amount named in the mortgage, when the mortgage was given and possession of the stock taken. It was a mortgage given to secure a pre-existing *bona fide* indebtedness. In such a case there must be actual participation by the creditor in the fraudulent purpose of his debtor, in order to avoid the mortgage. Mere knowledge by the creditor of his debtor's fraudulent purpose will not be sufficient, so long as the creditor's purpose is simply to secure his debt. *Bleiler v. Moore*, 94 Wis. 385. We have examined the evidence, and have found nothing tending to show participation by the plaintiff in any intended fraud, even if it be conceded that fraud was intended by the firm of Brown & Frost. It seems to have acted with the simple purpose of securing its just debt. The fact that the notes held by it were guaranteed by a third party is certainly no evidence of fraud. It had the same right to take security from the principal debtors which it would have had in the absence of such guaranty.

*By the Court.*— Judgment affirmed.