SHEPARD and others, Appellants, vs. OSTERTAG, Garnishee, Respondent.

*February 6 — February 27, 1900.*

*Debtor and creditor: Fraudulent conveyance.*

A finding that a chattel mortgage and an assignment of book ac-
counts to the mortgagor's father, and the disposal of the property
by the latter, were all in good faith to pay a debt, and not to hin-
der, delay, or defraud the creditors of the mortgagor, is *held* to be
sustained by the evidence.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *C. D. Cleveland,
Jr.*, attorney, and *Thompson, Harshaw & Thompson*, of coun-
sel, and oral argument by *Mr. J. C. Thompson* and *Mr.
Cleveland.*

For the respondent there was a brief by *Bouck & Hilton*,
and oral argument by *Geo. Hilton.*

DODGE, J. The defendant, being indebted to his father,
the garnishee, in about the sum of $3,100, and to other cred-
itors in approximately a like sum, of which other indebted-
ness $600 was upon notes indorsed by the garnishee, exe-
cuted to the latter a chattel mortgage upon his entire stock
of hardware merchandise, and assigned to him the outstand-
ing book accounts, to secure such indebtedness, including
the indorsement liability. The mortgage was recorded on
the following day, and the garnishee went into immediate
possession, and proceeded to dispose of the property at re-
tail, but did not realize the amount of his claim. Plaintiff,
a creditor of the defendant, garnished before the property
was all sold. The court found the debt to be *bona fide*, and
"that the giving of said mortgage, and the assignment of
said book accounts, and such disposal of said property by

the garnishee, was in good faith to pay a debt, and not to hinder, delay, or defraud the creditors of said defendant." Judgment was entered in favor of the garnishee, from which the plaintiffs appeal.

Upon careful examination of the evidence, we are satisfied that no clear preponderance opposes the finding above set forth. Judgment dismissing the proceedings necessarily results therefrom. *Stevens v. Breen*, 75 Wis. 595; *H. B. Claflin Co. v. Grashorn*, 99 Wis. 356.

*By the Court.*— Judgment affirmed.