John Sidwell, Plaintiff in Error, *v.* Alfred Lobly, Defendant in Error.

### ERROR TO CALHOUN.

Although the bill of exceptions does not purport to contain all the evidence, and therefore the refusal to grant a new trial on the weight of evidence, cannot be considered; yet as there was evidence, showing the refusal of an instruction erroneous, the judgment will be reversed.

If there is an actual delivery of property on the payment of money, with the design to make a sale of it, the title passes, except as to prior liens; as between the parties, the sale will be good, if a delivery of the property was all that remained to be done.

This was an action of replevin, brought by Lobly, who was plaintiff below, before a justice of the peace, and against Sidwell, to recover possession of one cow and calf, one steer and one heifer. Trial and verdict for defendant; appeal to Circuit Court; trial and verdict for plaintiff; motion for new trial, overruled. Case agreed to be heard in Second Grand Division.

*Wiley Miller* testified, that he, as constable, held execution in favor of one Stebbins, against Lobly, for $21.96, and levied said execution on the property in controversy, and advertised the same for sale on 28th January. On day of sale, Sidwell and Lobly agreed as follows: the property in controversy was given up by Lobly to Sidwell, with an agreement that if he (Lobly) brought the money advanced by Sidwell to him in

one month from then, the property should again become his by redemption.

*John Sidwell, Jr.*, testified, that on 1st March following, Lobly begged for and obtained from Sidwell an extension of the time of payment for four weeks, and it was agreed, that the old contract should stand good for the extension.

*Martin* testified, he heard Sidwell, on 3rd April, 1860, tell Lobly he wanted his money or the cattle. Lobly said he should have them.

At request of plaintiff below, the court instructed the jury as follows:

"That if the jury believe, from the evidence, that Lobly agreed with Sidwell, either to pay him the amount due him by a certain time, or else deliver him the cattle in question as his property, while a failure to comply with said contract would subject Lobly to a suit for damages, it would not authorize Sidwell to take and retain possession of the cattle if the money was not duly paid."

And refused to give the following instruction for defendant below:

"That if they believe that plaintiff delivered up the property in controversy to defendant with his permission to pay the amount advanced and redeem the property in a given period, and said period elapsed without such payment, then defendant's right of possession and ownership was absolute on such failure."

ALBERT G. BURR, for Plaintiff in Error.

N. M. KNAPP, for Defendant in Error.

WALKER, J. The refusal, of the court below, to give defendant's instruction, is, among other matters, assigned as error. It is this: "That if the jury believe that plaintiff delivered up the property in controversy to defendant, with his permission to pay the amount advanced, and redeem the property in a given period, and said period elapsed without such payment, then defendant's right of ownership was absolute on such failure." Whilst the bill of exceptions fails to state that all of the evidence in the case is embodied, and we are therefore precluded from examining the question, whether the court erred in overruling the motion for a new trial, because the verdict is alleged to be contrary to the weight of evidence, nevertheless we see that there was evidence in the case, upon which to base this instruction.

Miller testified, that the property was given up by defend-

ant in error, to plaintiff in error, with the agreement, that if the former brought the money to the latter within a month, then the property was to be that of defendant in error.

If there was an actual delivery of the property, on the payment of the money, by plaintiff in error, in satisfaction of the execution, with the design that it should constitute a sale, then it was sufficient to pass the absolute title. This is true not only as between themselves, but as to all persons not having liens upon the property. Or if it was designed to be a complete sale and nothing more remained to be performed, but a delivery of the property, then as between the parties, the title passed, and vested in the purchaser. *Wade* v. *Moffitt*, 21 Ill. 110; *Howard* v. *Babcock*, ib. 295. Had the stock, under this arrangement, died before the time for payment, by defendant in error, had arrived, would any one doubt that plaintiff in error would have been compelled to sustain the loss? If the evidence of Miller is true, and it stands so far as we can see uncontradicted, the property was vested in plaintiff in error, conditionally, if it was redeemed, and absolutely if it was not, at the time specified. There was certainly evidence in the case tending to show that it was a sale, to become absolute upon a failure to pay the money, and there was evidence that it was not paid. This clearly required the giving of this instruction. The judgment of the court below is reversed, for this error, and the cause is remanded.

*Judgment reversed.*