# Anderson *v.* Anderson.

*Bill in Equity by Judgment Creditors, to set aside Voluntary Conveyance by Deceased Insolvent Debtor.*

| 64 | 403 |
| 104 | 341 |
| 64 | 403 |
| 106 | 286 |
| 106 | 610 |
| 109 | 566 |
| 64 | 403 |
| 123 | 218 |

1. *Voluntary conveyance; validity of.*—Under the present statute of frauds (Code, § 2124), which is a substantial re-enactment of the second section of the statute of 1803 (Clay's Digest, 254, § 2), which was in turn borrowed from

13 Eliz. *c.* 5, a voluntary conveyance is void as against existing creditors of the grantor, although no fraudulent intent existed.

2. *Same; who are creditors.*—The term *creditors,* as used in this statute, has always been construed liberally, and includes any person who has a right, claim, or demand, founded on contract, whether contingent or absolute, for the performance of a duty, or the payment of damages in case of non-performance, although no breach may occur until after the execution of the conveyance.

3. *Same; same.*—The distributees of an estate are creditors of the administrator from the execution of his bond, and may set aside, as constructively fraudulent, a voluntary conveyance subsequently executed by him, although a *devastavit* may not occur, or may not be judicially ascertained, until after the execution of the conveyance.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case·was filed on the 2d September, 1879, by the children and heirs of Mrs. Elizabeth M. Anderson, deceased, infants suing by their next friend, against Albert C. Hill, as the administrator of the estate of John C. Anderson, deceased; and against Mrs. Sallie R. Anderson, the widow of said John C. Anderson, and her two infant children; and sought to set aside, as constructively fraudulent, a deed of gift, by which said John C. Anderson had conveyed lands, in consideration of natural love and affection, to a trustee for his said wife and her children; and to subject the lands to the satisfaction of decrees, which the complainants had obtained against the said John C. Anderson, on final settlement of his administration on said estate. The bill alleged that letters of administration on the estate of Mrs. Elizabeth M. Anderson were granted on the 17th December, 1867, to said John C. Anderson, her surviving husband; that on the same day he received $1,815.60, assets of her estate; that on the 25th April, 1877, he made a final settlement of his administration in the Probate Court, when a decree was rendered against him, in favor of each one of the complainants, for $241.92, their respective distributive shares of the assets in his hands; that these decrees were wholly unsatisfied; that said Anderson afterwards died, and letters of administration on his estate were granted to Hill, one of the defendants, on the 27th November, 1878; that his estate was insolvent,·and the sureties on his official bond as administrator were also insolvent. The deed which the bill sought to set aside as fraudulent, a copy of which was made an exhibit to the bill, was dated the 26th August, 1872, and conveyed the tract of land therein particularly described, on the recited consideration of natural love and affection, to James M. Bullock, as trustee, " for Mrs. Sallie R. Anderson and the heirs of her body, children of my [said grantor's] marriage with her." The trustee was not made a party to the bill, and it was al-

[Anderson v. Anderson.]

leged that he was merely a naked trustee, having no duties to perform, and no interest in the land. The chancellor sustained a demurrer to the bill, and ordered it to be dismissed unless amended; holding that the complainants were subsequent creditors, and could not set aside the deed without averring and proving a fraudulent intent, or actual fraud. The decree sustaining the demurrer is now assigned as error.

SNEDECOR, COCKRELL & HEAD, for appellants.

T. W. COLEMAN, and THOS. SEAY, contra.

BRICKELL, C. J.—The present statute of frauds (Code of 1876, § 2124) is a substantial re-enactment of the statute of 1803 (Clay's Digest, 254, § 2), which was borrowed from the 13th Elizabeth, c. 5. These statutes have been uniformly construed in this court, with the exception of the case of Toulmin v. Buchanan (1 Stew. 67), which had its peculiar facts, and was overruled in Miller v. Thompson (3 Port. 196), as avoiding all voluntary conveyances—all conveyances not supported by a valuable consideration—so far as they affected existing creditors, though such conveyances were not infected with an actual intent to hinder, delay, or defraud creditors.

The term creditors, as employed by the statute, has been construed liberally, and not in a narrow, strict, or technical sense. Whoever has a right, claim, or demand, founded on contract, whether contingent or absolute, for the performance of a duty, or for the payment of damages if the contract should not be fully performed, has been regarded as a creditor, within the meaning of the statute, against whom a voluntary conveyance will not be supported, though no breach of the contract, furnishing a cause of action, may occur until after the execution of the conveyance.—Bibb v. Freeman, 59 Ala. 615; Foote v. Cobb, 18 Ala. 585; Gannard v. Eslava, 20 Ala. 732.

The official bond of an administrator is a continuing security, from the day of its execution, to the termination of his authority, for the faithful performance of the duties required of him by law. If its conditions are broken, the obligation to answer for the breach arises from the terms of the bond; and those who are injured by the breach have, from the execution of the bond, an interest in the property of the obligors, as the source from which they are to be compensated. The bond is the foundation of the right; and it is wholly unlike a claim or demand arising out of a contract made upon a present consideration, after the execution of a voluntary conveyance.—Hoar v. Ward, 4 Green, 195; Wood-

[Cook v. Rogers.]

*ly v. Abby*, 5 Call, 336. A voluntary conveyance cannot be upheld, against any demand founded on a right older than the conveyance. The character of the demand is not material : it may be contingent ; it may depend for its existence as a cause of action on the happening of future events ; it may be sound in damages, and be incapable of ascertainment otherwise than by the verdict of a jury ; yet, if the right, out of which it springs, is older than a voluntary conveyance, the latter must yield to it.—*Bump* on Fraud. Conv. 491-98.

The bill discloses that Anderson became administrator, before the execution of the conveyance assailed as voluntary. It is not important whether the *devastavit* ascertained by the decrees against him on the final settlement of his administration, was committed prior or subsequent to the conveyance ; his liability originated in the trusts of the administration, and the obligation of the bond binding him to their performance. As strong motives to hinder, delay, or defraud those having rights the bond is intended to secure, may be imputed to him, as to defeat the rights of those having immediate causes of action. Each needs the protection of the statute, and to each it has been extended.

The decree of the chancellor, sustaining the demurrer to the bill, must be reversed, and a decree here rendered, overruling it, and remanding the cause.