### W. H. BUFKIN *v.* I. L. LYON & CO.

1. CODE 1880, § 1300. *Transacting business. Seller as clerk.*

   Section 1300, code 1880, provides that if " any person shall transact business in his own name, . . . . all the property . . . . used or acquired in such business shall be liable for his debts." Under it, where a merchant sold his stock of goods and remained in the store as clerk of the seller without any sign, it not appearing *who was transacting the business,* the goods are not subject to seizure for the debts of the seller.

2. SAME. *Absence of business sign. Debts of seller.*

   The fact that a sign containing the name of the buyer, put up at the time of the sale, was after a few days taken down by the clerk (the seller), at the time of the levy there being no sign, will not render the goods liable under the statute. *Wolf* v. *Kahn,* 62 Miss. 814, distinguished.

FROM the circuit court of Perry county.

HON. A. G. MAYERS, Judge.

This case was tried before the court without a jury on the following agreed statement of facts :—

I. L. Lyon & Co. had a debt against O. E. Bufkin, upon which they recovered judgment in an attachment suit. The defendant had been doing business as a merchant in his own name in the store-house where the goods in controversy were found and levied upon. He had, prior to such levy, sold the goods to W. H. Bufkin, who was put in possession under a bill of sale. Said W. H. Bufkin had employed O. E. Bufkin, and he was in possession as clerk at

the time of the levy. After the sale the purchaser put up his sign, " W. H. Bufkin," and it remained up four or five days after the sale. It had been taken down by the defendant O. E. Bufkin, at the time of the levy there was no sign up and had not been for several days. It was agreed that the value of the goods was $200. The goods being levied upon under the attachment of Lyon & Co., W. H. Bufkin interposed a claim therefor, and the claimant's issue being tried, a judgment was entered in favor of the plaintiffs, from which the claimant appeals.

*J. L. Morris*, for appellant.

Section 1300 of the code has no application. There is no pretense that O. E. Bufkin was not in fact clerking for W. H. Bufkin, to whom he had sold, at the time of the levy. It does not appear that O. E. Bufkin had any sign before the sale. The fact that the business was carried on in the same house originally occupied by the seller is unimportant. *It does not appear that O. E. Bufkin was transacting business at all at the time of the levy.* Section 1300 of the code should be used as a shield against fraud, and not as a sword to injure innocent parties.

*N. C. Hill*, for appellees.

At the time of the levy O. E. Bufkin was in possession of the store just as he was prior to the pretended sale. There was no visible change in the ownership or the conduct of the business. At the time of the levy there was no sign or other evidence that the property had changed hands, or that it belonged to or was claimed by W. H. Bufkin. If no sign was necessary to indicate the change of ownership, why was one put up for a day or two, and why should counsel desire this fact to appear in the record?

CAMPBELL, J., delivered the opinion of the court.

It does not appear from the statement of facts *who transacted business* as to the goods, and that is the material inquiry and the determining factor under § 1300 of the code. O. E. Bufkin was in possession as clerk, and, presumably, what he did was in that capacity, and in the name and behalf of his employer, as there is nothing to suggest

the contrary. The fact that the clerk had taken down the sign of his employer did not subject the goods of his employer to the demands of the creditors of the clerk. There must have been more than this to effect such a result. If the clerk transacted business in his own name as apparent owner, and used or acquired the goods in such business, the statute makes them his as to his creditors, but it is not in the power of a clerk merely by taking down the sign of his principal to subject the goods of the principal to the seizure of the creditors of the clerk. There is nothing to show that the goods were used or acquired by O. E. Bufkin in business transacted by him in his own name. He had owned the goods, it is true, but had sold them, whereby they became the property of another, and as such were not liable for his debts, unless made so by § 1300; and they are not shown to have been, as already stated, because it is not shown that O. E. B. transacted business in his own name, and used or acquired the goods in such business.

In *Wolf* v. *Kahn*, 62 Miss. 814, " The seller was in and about the store just as he had been when owner ; he who had been up to that hour clerk then became owner. . . . The sign (of the former owner) remained over the door ; his revenue and privilege licenses remained posted in the room ; Lewis Kahn, the purchaser, who had been the clerk, and Max Kahn, the clerk, who had been the owner, were in and about the store just as they always had been. Every appearance that would lead to the belief on the part of the public that Max was transacting the business as before was presented, and nothing was done or said from which an inference could be drawn that he had retired from business, and his late clerk had embarked in it ;" and these facts were held to make the goods liable to the creditors of Max Kahn, who acted as owner after the alleged sale, just as he had done before.

The case before us differs from that in several important particulars. This was not a sale by an employer to his clerk, and the purchaser put up a sign over the door with his name on it, which remained up until taken down by the clerk, and that is all that appears.

The question is not how significant the facts would be on an

issue, whether the sale was in good faith or not; but do they bring the case within the operation of § 1300, and that is answered in the negative.

*Judgment reversed, and judgment here for the claimant, which is the judgment which should have been rendered in the circuit court.*