[Southern Suspender Co. v. Van Borries.]

# Southern Suspender Co. *v.* Van Borries.

| 91 | 507 |
| 104 | 462 |
| 91 | 507 |
| 128 | 634 |

*Trespass Quare Clausum Fregit, et de Bonis Asportatis.*

1. *Joinder of causes of action.*—Damages for a trespass to land, and damages for a trespass in taking personal property, may be claimed in one and the same count of the complaint.

2. *Presumptions in favor of judgment.*—When the bill of exceptions does not purport to set out all the evidence, this court will indulge the presumption, that there was evidence supporting any ruling of the court below which would be correct under any state of proof.

3. *Assignment for benefit of creditors, reserving exemptions.*—An assignment for the benefit of creditors, reserving "such property as is by law exempt from execution," is not fraudulent as against creditors on account of the reservation; nor is it executory until the exempt property is selected, when it is executed in a State whose laws exempt only particular articles of personal property, without regard to value.

4. *Extra-territorial effect of exemption statutes.*—In contest between an attaching creditor in Alabama and the trustee in a deed of assignment for the benefit of creditors executed in Kentucky, which reserved for the debtor "such property as is exempt from execution,'' the property involved not being a part of the exemptions, no question arises as to the extra-territorial operation of the Kentucky statute.

5. *Consideration of assignment for benefit of creditors; recital of debts, as evidence against attaching creditor.*—In a contest between an attaching creditor and the trustee in an assignment for the benefit of creditors, there being no proof of actual fraud in the execution of the assignment, nor of the existence of the debt of the attaching creditor at that time, the recitals of the assigment, as to the existence of other debts, are sufficient to sustain it.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Frank Van Borries, against the Southern Suspender Company, as a corporation, and several other persons, to recover damages for an alleged trespass by the defendants upon a certain tract of land, particularly described, and for wrongfully taking therefrom certain goods and chattels, also particularly described; and was commenced on the 12th March, 1888. The alleged trespass was the levy of an attachment, at the suit of said defendant corporation, against the estate of one F. Pelle, on the ground of his non-residence; the constable, deputy-constable, and sureties on a bond of indemnity, being also joined as defendants to the action. The attachment was sued out on the 30th December,

1887, and was levied on the same day. The plaintiff claimed the property as trustee, under a deed of assignment for the benefit of creditors, executed to him by said F. Pelle, in Kentucky, which was dated the 28th December, 1887, and conveyed the store-house, stock of goods, "and all other property of every kind, except such as is by law exempt from execution;" and this deed was admitted in evidence by the court, against the objection and exception of the defendants. The defendants pleaded not guilty, and also justified under the attachment. On the trial, the plaintiff proved his possession of the property at the time of the levy, and also the value of the goods. "There was evidence, also, tending to prove that said Pelle and plaintiff were non-residents of Alabama, and resided in Louisville, Kentucky, at the date of said assignment, which was executed there; and defendants introduced the Code and statutes of Kentucky, which tended to show that certain specified articles of property therein set out, and which did not include a stock of merchandise, or any part thereof, were exempt from execution. There was evidence, also, tending to show that said defendant corporation was a domestic creditor residing in Alabama."

"Thereupon, the defendant requested the following charges in writing," duly excepting to the refusal of each: (1.) "If the jury believe the evidence, they must find for the defendants." (2.) "Before the plaintiff can recover against the defendant corporation, he must show that said corporation authorized or ratified the act of M. Loveman in executing the indemnifying bond." (3.) "Plaintiff must recover against all of the defendants, or he can not recover against any of them." (4.) "A creditor in this State, of a non-resident debtor, attaching personal property in this State as the property of his debtor, has a prior right under his attachment to that of an assignee of his debtor under a general assignment executed in another State; and there can be no trespass on the part of an officer levying such attachment, provided he does not go beyond the mandate of the writ of attachment." (5.) "The assignment from Pelle to plaintiff, read in evidence, is not, of itself, sufficient to show plaintiff's right to the possession of the goods, as against an attaching creditor in this State; but the plaintiff must show, by affirmative proof, that some one or more creditors of said Pelle had or have taken under said assignment, before he is entitled to recover."

The refusal of these charges is assigned as error, with the overruling of a demurrer to the complaint, and several rulings on evidence.

[Southern Suspender Co. v. Van Borries.]

M. LOVEMAN, and STERRETT & CAMPBELL, for appellant.

SUMTER LEA, and BROOKS & BROOKS, *contra*.

McCLELLAN, J.—The complaint contains but one count. It claims damages for a trespass by defendants upon certain land, and for wrongfully taking therefrom certain personal property. Several grounds of demurrer were interposed to it, and overruled. The action of the City Court, on each ground assigned, is here assigned as error; but the argument of counsel only presents for our review the ruling with respect to the second ground. It is as follows: "For that said declaration, in the same count, alleges a trespass in taking goods, and a trespass to lands," The manifest theory of this demurrer is, that the action of trespass *quare clausum fregit, et de bonis asportavit,* is unknown to our law. The position is untenable. *Herndon v. Bartlett,* 4 Port. 481.

2. The bill of exceptions does not purport to set out all the evidence. Hence, even admitting that, in such action, a breaking of plaintiff's close must be shown, and that no evidence of that fact appears in this record, the appellant can not be benefitted thereby; since it will be presumed, in support of the rulings below on charges asked and refused, that such evidence was adduced—*Posey v. State,* 79 Ala. 45; *Guilmartin v. Clarke,* 76 Ala. 204; 3 Brick. Dig. 406, § 43.

3. The grantor in the assignment to plaintiff was a resident of Kentucky. The deed was executed there. The assignor was entitled only to such exemptions of property from liability to the satisfaction of his debts as was secured to him under the laws of that State. Those laws were put in evidence. They provide for the exemption of only specific items or classes of property of domestic use, such as household and kitchen furniture; and this, irrespective of value. Hence it is that the deed of assignment, which reserved such property "as is exempt by law from execution," is not bad as being executory merely, since no act of segregation was necessary to the setting apart and identification of the property reserved, the law itself performing that function; nor is it bad for reserving a benefit to the grantor, since he had a right to exclude from his grant the property thus exempted.

4. None of the property involved here was of that class reserved as exempted to the grantor. So that no advantage could accrue to the defendants from the consideration that the exemption statute of Kentucky will not be allowed to operate in Alabama, against a domestic creditor.

5. The remaining assignments of error are based on the

assumption, that the deed of assignment relied on by the plaintiff, and under which he held the property, was, as presented in this case, voluntary, and therefore void against existing creditors, as it was not made to appear that any creditor had elected to take under it, nor even that there were creditors, other than the defendant corporation, to accept its provisions. The court's rulings in this regard would, if need be, be supported, by indulging the presumption before adverted to, that there was evidence of other debts and of the election of other creditors to accept the provisions made for them in the assignment, it not appearing that all the evidence is set out in the bill of exceptions. But our approval of the rulings of the trial court in this behalf need not be rested on this consideration. The case of *Reynolds v. Collins*, 78 Ala. 94, is decisive of the point in question adversely to the appellant's contention. It is there held, on a state of facts strikingly like that involved here, that in the absence of evidence of the (attaching) creditor's debt being antecedent to the making of the assignment, and in the absence of evidence of actual fraud, the assignee's superiority of right is shown by proof of its legal and authorized execution, antedating the levy of the attachment. In such case, the recitals of the assignment are evidence, *prima facie*, of a sufficient consideration, the mere existence of debts other than that of the attaching creditor being a sufficient consideration, and the recitals of the deed sufficient evidence of their existence. The assignment in the case at bar was made on December 28th, 1887. The only evidence offered with respect to the debt of the attaching creditor, tended to show that it was an existing liability of the assignor on December 30th, 1887, when the attachment was issued. Upon this evidence, the legal conclusion is, that the debt was subsequent in date of existence to the execution of the assignment, and hence, that as against it the recitals of the assignment are sufficient evidence of other debts, constituting a consideration for the deed.—*Gordon v. McIlwain*, 82 Ala. 247.

What we have said covers the several assignments of error which have been insisted on in argument, and determines them against the appellant. We have not considered the questions arising on the motion to strike the bill of exceptions from the record, because substantially the same result has been reached as had the bill been stricken out.

The judgment of the City Court is affirmed.