### SPRINTZ v. SAXTON.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. CONSTITUTIONAL LAW—RULES OF EVIDENCE—PRESUMPTIONS—RIGHT TO CONTRACT.

Laws 1902, p. 1249, c. 528, § 1, as amended by Laws 1904, p. 1385. c. 569, providing that a sale of any portion of a stock of merchandise other than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or the sale of an entire stock of merchandise in bulk, will be presumed to be fraudulent and void as against creditors of the seller, unless, etc., merely prescribed a rule of evidence, and was therefore not unconstitutional.

2. FRAUDULENT CONVEYANCES—SALES IN BULK.

The sale by an egg merchant of his entire stock of eggs, except four broken cases, to his brother-in-law, who testified that he was an egg dealer and a carpenter, and whose testimony as to the transaction was vague and unsatisfactory, was presumptively fraudulent under Laws 1902, p. 1249, c. 528, § 1, as amended by Laws 1904, p. 1385, c. 569.

Woodward, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Ike Sprintz against William O. Saxton. From a Municipal Court judgment dismissing plaintiff's complaint, he appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Edward I. Garvar (William F. Walsh, on the brief), for appellant.
Benjamin Lesser, for respondent.

JENKS, J. This is an appeal from a judgment of the Municipal Court dismissing the complaint in an action for conversion of personal property. The defendant's success is due to his invocation of chapter 569, p. 1385, Laws 1904, entitled:

"An act to amend chapter five hundred and twenty-eight of the laws of nineteen hundred and two, entitled 'An act to regulate the sales of merchandise in bulk,' relative to notice."

This appeal challenges both the application of the statute in view of the plaintiff's proof and the constitutionality thereof. The statute

amends chapter 528, p. 1249, Laws 1902, which was declared uncon-- stitutional. Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338. The provision of section 1 of the statute of 1902 reads:.

"A sale of any portion of a stock of merchandise other than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or the sale of an entire stock of merchandise in bulk, shall be fraudulent and. void as against the creditors of the seller, unless" [and then followed various requirements which it is not necessary to set forth].

The amendment of 1904 in place of the words "shall be fraudulent and void" reads, "Will be presumed to be fraudulent and void." I think that the judgment of Wright v. Hart, supra, does not require us. to declare the present statute unconstitutional for the reason that it but deals with a rule of evidence; i. e., instead of declaring such a sale invalid unless certain conditions are complied with, the statute now makes such sale, unless these conditions are complied with, presump- tively fraudulent and illegal. In fine, the presumption is against the bona fides of the sale. Lord Erskine said:

"Presumption is as good as proof until overthrown; for what is proof but the highest kind of presumption?"

It is well settled that such a legislative declaration is constitutional. Howard v. Moot, 64 N. Y. 262; Board of Commissioners of Excise v. Merchant, 103 N. Y. 143, 8 N. E. 484, 57 Am. Rep. 705; People v. Johnson, 185 N. Y. 219, 229, 77 N. E. 1164. Although Werner, J., in the prevailing opinion in Wright v. Hart, supra, pronounces the regulation in the statute "harsh, drastic, unreasonable, and unneces- sary in so far as they do not tend to effectuate the objects for which such a statute may properly be enacted," yet it is to be noted that the learned judge was discussing a statute which made such sales in the absence of compliance with such conditions ipso facto fraudulent and void, when, under the present statute, the effect of omission to comply with such rules merely deals with the burden of proof when such sale is challenged. Under the prior statute the alternative for nonobserv- ance of the regulations was practically "an embargo" (to use the learned judge's expression). Under the present statute, the alterna-. tive is but a presumption against the bona fides of the sale. In closing his opinion, the same learned judge says:

"Owing to the length of this opinion, we refrain from discussing the cases decided in other states upon similar statutes, except to say that those which have been upheld in Massachusetts, Connecticut, Tennessee, and Washington are far less drastic than our own, in that they either except from their opera- tion all sales by executors, administrators, receivers, etc., or provide that sales of merchandise in bulk shall only be presumptively void if the statutory requirements are not observed."

Hence I note again that the present statute does but make such a sale presumptively void, and that it does contain the new provision:

"Nothing contained in this act shall apply to sales by executors, adminis- trators, receivers or any public officer conducting a sale in his official capac- ity."

Vann, J., in his dissenting opinion in Wright v. Hart, 182 N. Y. 351, 75 N. E. 412, 2 L. R. A. (N. S.) 338, says:

"An act declaring such sales presumptively fraudulent was assumed to be valid by the courts of last resort in Wisconsin and Maryland." Fisher v. Herrmann, 118 Wis. 424, 95 N. W. 392; Hart v. Roney, 93 Md. 432, 49 Atl. 561.

With the presumption against him, the plaintiff admitted that he had not complied with the rules of the statute. And it appeared that the sale was of 77 cases of eggs, his entire stock on hand at the time in question (save 4 cases which were broken), made to his brother-in-law, who testified that he was an egg dealer and a carpenter, and whose testimony as to the transaction was vague and unsatisfactory.

I recommend affirmance, with costs.

HOOKER, GAYNOR, and RICH, JJ., concur.

WOODWARD, J. (dissenting). I am unable to concur in the opinion of Mr. Justice JENKS, because I think the statute is clearly unconstitutional under the ruling in the case of Wright v. Hart, 182 N. Y. 330, 75 N. E. 404; 2 L. R. A. (N. S.) 338. The decision in that case did not turn upon the fact that the fraud was conclusively established by a failure to comply with the statute, but upon the broad ground, as pointed out by Chief Judge Cullen in his dissenting opinion in Schlesinger v. Gilhooly, 189 N. Y. 1, 32, 81 N. E. 619, that it "arbitrarily denied the right of a specified class of citizens to contract for the sale of their property in the way permitted to other citizens." This broad ground of a denial of the equal protection of the law is not met by changing the form of the statute so as to make the same sales presumptively fraudulent and void.