## H. B. Baumeister, Appellant, v. Edward G. Fink et al., Appellees.

## Gen. No. 4,911.

1. PRACTICE—*effect of absence of exception to finding or judgment.* Where the bill of exceptions contains no exception to the finding or judgment of the court, the sufficiency of the evidence to support the finding is not preserved for review; but if exceptions have been properly preserved to prior rulings of the court, those rulings are subject to review, notwithstanding the lack of the exception to the judgment.

2. APPELLATE COURT—*what operates to oust jurisdiction.* An assignment of error which presents a constitutional question to the Appellate Court for review, operates to oust its jurisdiction to determine the appeal.

3. BULK SALES ACT—*construed.* The meaning of the Bulk Sales Act of 1905 is that proof that a stock of goods has been sold in violation of the provisions of that act establishes a *prima facie* case that the sale is fraudulent and void as to the creditor injured thereby, or, in other words, a presumption that the sale was fraudulent and void arises from such proof and thereby the burden is cast upon the purchaser to prove the good faith of the transaction; but the presumption arising from proof of the state of facts named in the statute is not a conclusive presumption, but may be overcome by proof offered by the purchaser.

Garnishment. Appeal from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed May 7, 1908.

HUDSON & CAMPBELL and A. J. RYAN, for appellant.

SHEEAN & SHEEAN, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

In a suit by Breen & Kennedy against Baumeister, Edward G. Fink and Myron G. Brown were summoned as garnishees and the issue whether the garnishees were indebted to Baumeister was tried before the court without a jury, the garnishees were discharged, and the beneficial plaintiffs prosecute this appeal.

The bill of exceptions contains no exception to the finding or to the judgment of the court. It was decided by the Supreme Court in Climax Tag Co. v. American Tag Co., 234 Ill. 179, that in such case the sufficiency of the evidence to support the finding is not preserved for review, but that if exceptions have been properly preserved to prior rulings of the court those rulings are presented for review on appeal under section 60 of the Practice Act of 1872, notwithstanding the lack of an exception to the judgment. Section 82 of the Practice Act of 1907 is to the same effect as said section 60. The only exceptions preserved in this record are to the action of the court in refusing to hold propositions numbers one and two presented by appellants. Proposition number two presented a constitutional question and its refusal is not assigned for error, for the obvious reason that if it had been so assigned this court would not have jurisdiction of the appeal. The sole question presented for our consideration by this record is whether the court erred in refusing the first proposition. That proposition was framed to hold that under the Bulk Sales Act of 1905 (Hurd's Stat. 1905, page 763) a sale in contravention of that act which results in hindering a judgment creditor in the collection of his debt is fraudulent and void as to such judgment creditor. We are of opinion that the meaning of said statute is that proof that a stock of goods has been sold in violation of the provisions of that act establishes a *prima facie* case that the sale is fraudulent and void as to the creditor injured thereby, or in other words that a presumption that the sale was fraudulent and void arises from such proof, and that thereby the burden is cast upon the purchaser to prove the good faith of the transaction; but that the presumption arising from proof of the state of facts named in the statute is not a conclusive presumption, but may be overcome by proof offered by the purchaser. We

are therefore of the opinion that the court properly refused to hold said proposition of law.

The judgment is therefore affirmed.

*Affirmed.*