WM. R. MOORE DRY GOODS COMPANY *v.* ROWE & CARITHERS,
J. W. JONES, CLAIMANT.

[54 South. 659.]

FRAUDULENT CONVEYANCE. *Sale in bulk. Presumptions. Evidence. Laws 1908, chapter* 100.

The first section of Laws 1908, chapter 100, declares "that a sale of any portion of a stock of merchandise, other than in the ordinary course of trade, or in regular and usual prosecution of the seller's business, and a sale of the entire stock of merchandise in gross shall be presumed to be fraudulent and void as to creditors of the seller unless . . ." A sale in violation of this paragraph is not conclusively presumed to be fraudulent and void as to the creditors of the seller, but the presumption of fraud can only be rebutted by the purchaser at such sale by his showing a compliance with subsections a, b and c of said act.

APPEAL from the circuit court of Tallahatchie county.
SAM C. COOK, Judge.

The opinion in this case is rendered on a suggestion of error. The case on original hearing being reported in 53 South. 626.

*Caldwell & Dinkins* and *Tim E. Cooper,* for appellant.

*Broome & Woods,* for claimant.

ANDERSON, J., delivered the opinion of the court.

The decisions of the courts of other states on the question here involved are not controlling with this court, but merely persuasive. If unsound, they are not to be followed. After a most careful consideration of the authorities relied on by appellees, we are constrained to adhere to the opinion formerly announced in this case. 53 South. 626. Our judgment is that the construction therein put on the statute involved is clearly

correct. Taking into consideration the mischief sought to be remedied in connection with the terms of the statute (Laws 1908, ch. 100), any other construction would cause it to fall short of accomplishing this purpose. In the opinion rendered, the court used this language: "The statute fixed as fraudulent and void, so far as the rights of creditors are concerned, all sales made in violation of it, and evidence of good faith and payment of value will not be heard."

We will now elaborate more fully (as probably should have been done in the opinion handed down) our views of the purpose and effect of this statute. The first paragraph of section 1 declares "that a sale of any portion of a stock of merchandise, other than in the ordinary course of trade, or in the regular and usual prosecution of the seller's business, and a sale of an entire stock of merchandise in gross, shall be presumed to be fraudulent and void as against the creditors of the seller unless," etc. A sale in violation of this paragraph is not conclusively presumed to be fraudulent and void as to the creditors of the seller. Such a sale is only *prima facie* fraudulent and void. The presumption of voidness is rebuttable; but how? We answer that the purchaser at such a sale may rebut this presumption in one way only, and that is by showing a compliance with sub-sections (a), (b), and (c). For example, if a debtor sells a stock of goods in bulk, and the sale is attacked by his creditors, the latter, by simply showing a sale in bulk, make out a *prima facie* case of fraud. This *prima facie* case, if not rebutted on behalf of the purchaser by showing a compliance by the seller and himself with sub-sections (a), (b), and (c), becomes an absolute presumption of fraud, entitling them to have the sale set aside.

The provisions of sub-sections (a), (b), and (c) are defensive. They may be availed of by the purchaser in defense of his purchase. Creditors attacking a sale in

violation of the first paragraph are not required, in order to make out their case, to show non-compliance with subsections (a), (b), and (c). They may stop in their proof by showing a violation of the first paragraph of section 1. That paragraph creates a presumption of fraud theretofore unknown to the law. Such presumption may be overcome alone in the manner provided by the statute. Had the first paragraph of the statute used the terms "conclusively presumed to be fraudulent, and void as against the creditors of the sellers," still the presumption would not be conclusive, because by its very terms the presumption would be overcome by showing a compliance with sub-sections (a), (b), and (c). The context shows that the language, "shall be presumed to be fraudulent and void," means a conclusive presumption of voidness against all defenses except that provided in sub-sections (a), (b), and (c). Any other construction would make the statute declare a mere badge of fraud. The word "presumed" has no fast and fixed meaning, which may not be changed by the connection in which it is used. In one instance the presumption declared may be only *prima facie,* and in another, conclusive.

Our judgment is that the sales described in the first paragraph of section 1 were intended to be denounced as absolutely fraudulent and void, unless the seller and purchaser had complied with sub-sections (a), (b), and (c).

*Suggestion of error overruled.*

SMITH, J. (dissenting).

I am of the opinion that this suggestion of error ought to be sustained. My views relative to this matter will be found outlined in the following decisions: *Williams* v. *Bank,* 15 Okl. 477, 82 Pac. 496, 2 L. R. A. (N. S.) 337; *Thrope* v. *Pennock Mercantile Co.,* 99 Minn. 26, 108 N. W. 940; *Gilbert* v. *Gonyea,* 113 Minn. 459, 115 N. W. 640; *Sprintz* v. *Saxon,* 126 App. Div. 421, 110 N. Y. Supp. 586; *Fisher* v. *Hermann,* 118 Wis. 428, 95 N. W. 392; *Baumeister* v. *Fink,* 141 Ill. App. 372.