(77 South. 461)

JOHNSTON BROS. CO. et al. v. WASHBURN. (6 Div. 4.)

(Court of Appeals of Alabama. June 30, 1917. Rehearing Denied Nov. 13, 1917.)

1. APPEAL AND ERROR ⟨⟩655(2) — BILL OF EXCEPTIONS—STRIKING OUT.
A bill of exceptions will not be stricken because incomplete.

2. APPEAL AND ERROR ⟨⟩928(3)—PRESUMPTIONS—INSTRUCTIONS.
Where the bill of exceptions shows on its face that it does not contain the entire evidence or all the court's charge, it will be presumed, upon appeal, that parts of the charge excepted to were correct as applied to the evidence.

3. FRAUDULENT CONVEYANCES ⟨⟩271(3) — BULK SALES—VIOLATIONS—PRESUMPTIONS.
A purchase in violation of the Bulk Sales Law, Acts 1911, p. 94, creates a rebuttable presumption of fraud as to the vendor's creditors.

4. FRAUDULENT CONVEYANCES ⟨⟩271(3) — BULK SALES — VIOLATION — BURDEN OF PROOF.
Under Bulk Sales Law, Acts 1911, p. 94, the purchaser has the burden of showing that a sale in violation of such law was not fraudulent.

5. APPEAL AND ERROR ⟨⟩928(3)—PRESUMPTIONS—INSTRUCTIONS.
It will be presumed that the giving and refusing of requested instructions was warranted by the evidence omitted from the bill of exceptions.

6. FRAUDULENT CONVEYANCES ⟨⟩206(1) — BULK SALES LAW—PERSONS PROTECTED.
Bulk Sales Law, Act 1911, p. 94, protects all creditors of the vendor at time of sale, and is not confined to those creditors who sold him the goods in question.

7. APPEAL AND ERROR ⟨⟩701(2) — BILL OF EXCEPTIONS—SUFFICIENCY.
Refusal of a requested instruction held reviewable although the bill of exceptions did not set out the entire evidence or all its tendencies.

Appeal from City Court of Birmingham; Charles W. Ferguson, Judge.

Action by S. P. Washburn against Johnston Bros. Co. and others, for conversion. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Certiorari denied 201 Ala.698, 77 South.1002.

The facts sufficiently appear. The following is charge 4 refused to appellant:

I charge you that the act approved March 9, 1911, to regulate the sale of stock and merchandise in bulk, was made for the protection of all creditors of the seller, and a creditor of such seller who had not sold any of the goods embraced in the sale of the stock in bulk has the same right to invoke the benefit of that act as a creditor who had sold the goods covered by the stock sold in bulk.

London, Yancey & Brower and W. M. Spencer, Jr., all of Birmingham, for appellants. George E. Bush, of Birmingham, for appellee.

BRICKEN, J. In February, 1914, D. B. Tidwell was engaged in the mercantile business in the city of Birmingham, and shortly previous to the 27th day of that month sold and delivered his stock of merchandise to S. P. Washburn, who paid $1,100 for the stock of goods and some other property. It is claimed that the stock of merchandise was reasonably worth $600. Johnston Bros. Company, a corporation (appellant), was a creditor of Tidwell's at the time he sold out to Washburn, and on the 26th day of February, 1914, said corporation, acting through its president, George Johnston, sued out an attachment against Tidwell. It appears that after the writ of attachment was sued out, but before the levy was made, Mr. Johnston was informed by his attorney that parties other than Tidwell were claiming the stock of goods, but, notwithstanding this information, he insisted on the levy being made, which was done after the plaintiff in that case had given an indemnifying bond. Later the goods were removed by the sheriff, sold by him, and purchased at the sheriff's sale by the appellant corporation. It appears that Tidwell also had other creditors at the time he sold out to Washburn. It was plaintiff's contention, and the evidence tended to show that the debt due Johnston Bros. Company by Tidwell was for goods originally sold to a man named Cole, and that Cole sold out to the firm of Hildebrand and Tidwell, at Caldwell, Ala., and that they assumed the payment of Cole's indebtedness to Johnston Bros. Company, and that later Tidwell gave his promissory note, containing a waiver of exemptions, evidencing that transaction, to Johnston Bros. It further appears that none of the goods involved in the transaction between Johnston Bros. Company and Cole, at Caldwell, were ever brought to Birmingham, but that all of the goods involved in that transaction either remained at Caldwell, or were disposed of there. There was evidence tending to show that Tidwell represented to Washburn, about the time they entered upon negotiations looking to a sale of the business, that he (Tidwell) had settled with all of his creditors. Washburn denies that he ever knew Tidwell was indebted to the appellant corporation until the goods were levied on under the attachment above referred to. The plaintiff in the court below admitted that the parties, Washburn and Tidwell, did not comply with the Bulk Sales Law. The plaintiff's complaint contains two counts, one of which claimed damages of the defendants, "for wrongfully taking and carrying away" certain goods and chattels, the property of the plaintiff, and the other

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

claims damages for "wrongfully causing and procuring Walter K. McAdory, sheriff of Jefferson county, Ala., to levy an attachment on" the same goods. Each of the defendants pleaded not guilty. There was a verdict in favor of the plaintiff for $1,000 and the defendants appeal.

The cause is submitted upon a motion to strike the bill of exceptions, and on the merits. The motion to strike the bill of exceptions is based upon alleged omissions in the bill. For instance, it appears in the record that "plaintiff offered in evidence the affidavit and bond and writ of attachment, which are in words and figures as follows: (Clerk will here set out affidavit, bond, and writ of attachment.)" But the affidavit, bond, and writ are not set out. The same is true with reference to a bill of sale and deed. The bill of exceptions contains this recital: "This was substantially all of the evidence."

[1, 2] While the bill of exceptions may be incomplete by reason of the omissions, this furnishes no ground for striking the incomplete bill, and the motion will therefore be overruled, and the case considered on its merits. Elliott v. Round Mountain Co., 108 Ala. 640, 18 South. 689; Anniston Mfg. Co. v. Southern Ry., 145 Ala. 351, 40 South. 965. The bill of exceptions shows on its face that it. does not contain all of the evidence, nor the entire charge of the court ex mero motu. For that reason, we must presume that the parts of the court's oral charge excepted to were correct statements of the law as applied to the evidence before it. Southern Suspender Co. v. Van Borries, 91 Ala. 507, 8 South. 367; Wadsworth v. Williams, 101 Ala. 264, 13 South. 755.

[3, 4] The fact that one purchases a stock of merchandise and fails to comply with the provisions of the Bulk Sales Law is only presumptive evidence that as to creditors of the vendor the sale is fraudulent and void. Acts 1911, p. 94. This presumption is not conclusive, but may be rebutted by any competent evidence of sufficient weight to reasonably satisfy the jury that the transaction was not fraudulent. Hart v. Roney, 93 Md. 432, 49 Atl. 661; Williams v. Banks, 15 Okl. 477, 82 Pac. 496, 2 L. R. A. (N. S.) 334, 6 Ann. Cas. 970; Gilbert v. Gonyea, 103 Minn. 459, 115 N. W. 640; Fisher v. Herrmann, 118 Wis. 428, 95 N. W. 392; Baumeister v. Fink, 141 Ill. App. 372; Sprintz v. Saxon, 126 App. Div. 421, 110 N. Y. Supp. 585.

Appellee contends that the presumption of fraud arising in a transaction of this kind from a nonobservance of the provisions of the Bulk Sales Law can only be overcome by evidence tending to show compliance with the law. Some courts have given judicial sanction to this contention. Moore v. Rowe, 97 Miss. 775, 53 South. 626; Moore v. Rowe, 99 Miss. 30, 54 South. 659, Ann. Cas. 1913C, 1213, being the principal authority favorable to appellant's contention. While we regret to have such distinguished precedent opposed to our conclusion, we are of the opinion that the weight of authority, as well as sound reason, is opposed to such holding, and that the dissenting opinions in the line of cases that support appellant's contention are sound expositions of the law. Authorities supra. If the construction urged by appellant is placed on the act in question, then in effect it becomes an act that absolutely invalidates, as being per se fraudulent, all sales made in want of conformity thereto. It has been declared by eminent authority that an act so arbitrary and drastic is unconstitutional. Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338, 3 Ann. Cas. 263; Off & Co. v. Morehead, 235 Ill. 40, 85 N. E. 264, 20 L. R. A. (N. S.), 167, 126 Am. St. Rep. 184, 14 Ann. Cas. 434. However, we express no opinion in this regard. It is unreasonable to say that the only way a stock of merchandise could be sold, so that the sale would not be fraudulent, would be for the seller to comply with the terms of the act in question. There are a number of ways in which such transaction might be consummated, without complying with the Bulk Sales Law, and which would not be fraudulent either in law or in fact, but under the statute referred to the burden (in case of noncompliance) of showing the absence of fraud, is on the purchaser. He may discharge this burden by showing that in fact no fraud was practiced. If Washburn was deceived by Tidwell, and caused to believe, before the transaction was consummated, that Tidwell had no creditors, and the trade was consummated with Washburn all the time exercising a bona fide reliance upon such misrepresentations, if such there were, then the law would not require a vain and useless thing of him, and his failure to demand the name and address of each of the seller's creditors would not, in and of itself, invalidate the sale. Field Grocery Co. v. Conway (Ky.) 104 S. W. 372; International Silver Co. v. Hull, 140 Ga. 10, 78 S. E. 609, 45 L. R. A. (N. S.) 492. The Bulk Sales Act only finds field for operation in cases where there are creditors of the vendor at the time of the sale. It would be useless to require a prospective purchaser to demand a list of creditors and attempt to notify them, when he had been previously informed by an apparently honest vendor that there were no creditors, and when he had no notice of anything to the contrary, and in good faith believed that statement to be true.

[5-7] A number of written charges were given at the plaintiff's request. A number of like charges requested by the defendant were refused. We must presume that the action of the court was warranted by the evidence omitted from the bill of exceptions. South. Suspender Co. v. Van Borries, supra; Wadsworth v. Williams, supra. This is the gen-

eral rule. However, charge No. 4, requested by the appellants in writing, states a correct proposition of law, and should have been given. It is not "only the creditors of the business sought to be sold" who are protected by the Bulk Sales Act, as the appellee very earnestly contends, but all creditors of the vendor at the time of the sale are entitled to its benefits. Anderson v. Anderson, 64 Ala. 403; McKinster v. Sager, 163 Ind. 671, 72 N. E. 854, 68 L. R. A. 278, 106 Am. St. Rep. 268.

The evidence shows without conflict that Tidwell was indebted to Johnston Bros. Company at the time he sold out to Washburn, and there is some evidence tending to show that Tidwell was indebted to George Johnston. In such a case, it is not always necessary that the bill of exceptions should set out all of the evidence or all its tendencies. Handley v. Shaffer, 177 Ala. 636–658, 59 South. 286; Sidwell v. Lobly, 27 Ill. 438; McKissack v. Witz Biedler Co., 120 Ala. 412, 25 South. 21.

For the error pointed out, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.