WHITTINGTON v. YAZOO DELTA MORTGAGE CO.*

(Division A.   Dec. 5, 1927.)

[114 So. 752.   No. 26656.]

1. FRAUDULENT CONVEYANCES. *Creditor securing execution on goods transferred in bulk in violation of law must show that it was creditor on date of transfer (Bulk Sales Law [Hemingway's Code 1927, section 3335]).*

   Creditor, securing execution on stock of merchandise transferred by debtor in bulk, in violation of the Bulk Sales Law (Hemingway's Code 1927, section 3335; Laws 1908, chapter 100), has burden of proving that it was such creditor on date of transfer of goods.

2. FRAUDULENT CONVEYANCES. *Bulk Sales Law held inapplicable to persons who were not creditors at time of transfer (Bulk Sales Law [Hemingway's Code 1927, section 3335]).*

   Bulk Sales Law (Hemingway's Code 1927, section 3335; Laws 1908, chapter 100), *held* inapplicable to parties who were not creditors at time of transfer of stock of goods in bulk without compliance with law.

3. FRAUDULENT CONVEYANCES. *Bulk Sales Law in derogation of common law must be strictly construed (Bulk Sales Law [Hemingway's Code 1927, section 3335]).*

   The Bulk Sales Law (Hemingway's Code 1927, section 3335; Laws 1908, chapter 100), being in derogation of the common law, must be strictly construed.

4. PRINCIPAL AND AGENT. *Evidence held not to warrant finding that wife violated law in failing to change sign over place of business after purchase from husband (Hemingway's Code 1927, section 3334).*

In proceeding to secure possession of stock of goods levied on by judgment creditor of claimant's husband, evidence *held* not to warrant finding that claimant violated Hemingway's Code 1927, section 3334 (Code 1906, section 4784), in failing to change sign over place of business from "City Drug Store" after purchase ·from husband.

*Corpus Juris-Cyc. References:· Fraudulent Conveyances, 27CJ, p. 590, n. 80; p. 875, n. 36, 38; p. 879, n. 93; p. 892, n. 8. As to validity of sale in violation of Bulk Sales Law, see 12 R. C. L. 525; 2 R. C. L. 1443; 4 R. C. L. Supp. 761; 5 R. C. L. Supp. 649; 6 R. C. L, Supp. 713.

Appeal from chancery court, second district, of Tallahatchie county.

HON. HARVEY MCGEHEE, Chancellor.

Proceeding arising upon a claimant's issue, filed by Mrs. C. A. Whittington, claiming certain goods levied on by the sheriff by virtue of an execution against C. A. Whittington on a judgment against ·him in favor of the Yazoo Delta Mortgage Company. Decree for the Yazoo Delta Mortgage Company, and claimant appeals. Reversed and rendered.

*J. O. Day* and *Watkins, Watkins & Eager,* for appellant.

The sale is void only as to the creditors existing at the time of the sale and that subsequent creditors of the seller cannot challenge the validity of the sale and have the same set aside because of the failure on the part of the parties to comply with the Bulk Sales Law. Section 3129, Hemingway's Code 1917; 27 C. J., p. 879, sec. 888, and n. 93, and authorities cited thereunder; *Boyagian v. Black,* 81 Atl. 437 (R. I.); *Kimball et al* v. *Cash, City Marshal,* 176 N. Y. S. 541; *Johnston Brothers*

*Company et al.* v. *Washburn,* 16 Ala. App. 311; *Lawndale Sash & Door Co. et al.* v. *West Side Trust & Savings Bank et al.,* 207 Ill. App. 3; *Apex Leasing Company, Inc.,* v. *Samuel Litke,* 173 App. Div. 323; *Adams Flanagan Company* v. *DiNoto,* 180 App. Div. 342; *Trimble* v. *Covington Grocery Company,* 72 S. E. 724; *Farmers Bank & Trust Company* v. *Murphy et al.,* 127 S. E. 527 (N. C.); *Lockwood et al.* v. *Smith,* 143 N. Y. S. 480.

A suit to set aside a conveyance of property from husband to wife can only be maintained by creditors of the husband existing at the time of the transfer, unless it is shown by positive proof and a preponderance of evidence that the intent of the husband when transfer was made was to defeat the claims of subsequent creditors. And this doctrine is true even if the husband conveyed his property to his wife without valuable consideration, but more particularly is it true as in the case at bar where the husband received valuable consideration from his wife. This rule is supported by a long list of authorities, only a few of which would it be possible to go into. Among these are *Edwards Manufacturing Company* v. *Carr* (W. V.), 64 S. E. 1030; *Van Orsdale* v. *Finley* (Okla.), 132 Pac. 134; *Smith* v. *Weed,* 134 Pac. (Wash.) 1070; *Schell* v. *Gambell et al.,* 95 Pac. (Col.) 870; *Rosin* v. *Levy et ux.* (Tenn.), 113 S. W. 1042; *Miller* v. *Smith,* 137 Ill. App —; *Reese et ux.* v. *Goldstein* (Ky.), 104 S. W. 962; *Tucker et al.* v. *Weathersby,* 82 S. E. (S. C.) 638.

The Mississippi authorities are entirely in harmony with the weight of authority on this proposition, and the cases hold unanimously that even though the conveyance from husband to wife was without consideration, that, nevertheless, it is valid as to subsequent creditors unless made with the intent to defeat said subsequent creditors. *Bullitt Miller Co.* v. *Taylor & Richardson,* 34 Miss. 708, 69 Am. Dec. 412; *Summers Brannin* v. *A. Ross & Co.,* 42 Miss. 749, 2 Am. Dec. 653; *Kaufman* v. *Whitney,* 50 Miss. 109; *Burch* v. *Moody,* 106

So. 528 (suggestion of error overruled), 107 So. 279; *Parker et al.* v. *Tapscott et al.,* 107 So. 561.

The cases are in accord on the proposition that the Bulk Sales Law, being in derogation of the alienation of property, ought to be strictly construed and that it will not be extended to apply to transactions which are not clearly within its terms. *Smith Calhoun Rubber Company* v. *McGee Rubber Co.* (Tex.), 235 S. W. 321; *Wright* v. *Kline,* 107 S. E. 593; *The Bank of LaGrange* v. *Rutland,* 108 S. E. 821. The supreme court of Mississippi has consistently held that such sale from husband to wife will not be set aside as fraudulent because the facts are doubtful and suspicious, but it has been held that the proof as to the fraud must be satisfactory. It is also a well-settled principle that the burden is on the one alleging fraud to show the same by a preponderance of evidence. *White* v. *Trotter,* 14 S. & M. 30, 53 Am. Dec. 112; *Taylor* v. *Strong et al.,* 10 S. & M. 63; *John Doe, etc.,* v. *Dignowitty,* 4 S. & M. 57; *McInnis* v. *Wiscassett Mills et al.,* 78 Miss. 52, 28 So. 725; *Virden et al.* v. *Dwyer,* 78 Miss. 763.

*Robertson, Yerger & Cook,* for appellee.

Appellant says that the transfer between the husband and wife is not in violation of the Bulk Sales Law insofar as this particular case is concerned, for the reason that the debt of the appellant was not in existence at the time of the sale from the husband to the wife. In the first place, we do not find in this record any evidence as to when the debt between the appellee and C. A. Whittington arose. The judgment was recovered in the fall of 1926. But be that as it may, we meet the proposition presented by counsel. Let the court bear in mind that it is admitted that in making this transfer of this stock of merchandise from the husband to the wife, both the appellant and her husband violated the provisions of the Bulk Sales Law. That being true, we

take the position that whatever the courts of the other states of this country have determined, our own court has declared that the sale in such instance is absolutely fraudulent and void, and void not by reason of a rule of evidence but by reason of a substantive rule of the law. *Dry Goods Company* v. *Rowe & Carithers,* 99 Miss. 30, 54 So. 659, 53 So. 626.

If this be the law in Mississippi, can it be said that this appellant is entitled in this court to establish her claim to this property by means of an instrument which is declared by the court to be absolutely fraudulent and void? Is it not a universal application of the law that fraud vitiates everything into which it enters? We have the case here where this appellant admitted and confessed that not only has she violated the substantive law of the land and not only does she claim under the instrument which the court has denounced as absolutely fraudulent and void, and yet asks this court to allow her to establish her claim by means of that instrument. Can it be argued with any degree of reason that the evidence upon which she must have based her claim and did base her claim was competent? If this instrument was void, as declared by this court, for one purpose, it was void for all purposes and this appellant is not entitled to the relief which she asks here.

Our statutes on fraudulent conveyances, make all transfers made with intent to defraud creditors absolutely void and it is provided that as to subsequent creditors, it shall be void if made with intent to defraud them. If it were not made with intent to defraud this appellee, why was it necessary to recite this false consideration? It was found by the lower court that it was made with such intent and, therefore, the instrument is void as to the appellee.

The facts of this case bring the same within the provisions of what is commonly known as the sign statute. *Hamblett* v. *Steen,* 65 Miss. 474, 4 So. 431. Under section 2190, Hemingway's Code 1927, it is immaterial

when the debt arose. The only material factor is wheth-
er or not the husband or wife, as the case may be, has
complied with the provisions of the statute with refer-
ence to actually filing the instrument for record.

*Watkins, Watkins & Eager,* in reply for appellant.

The sign statute was complied with. See: *Adams* v.
*Berg,* 67 Miss. 234, 7 So.. 225; *Bufkin* v. *Lyon,* 68 Miss.
255, 10 So. 38; *Harris* v. *Robson,* 68 Miss. 506, 9 So. 829;
*Carberry* v. *Burns,* 68 Miss. 573, 9 So. 290.; *Robinson* v.
*Godswy,* 71 So. 312, 111 Miss. 171. This case. is decisive
in favor of the appellant.

McGOWEN, J., delivered the opinion of the court.

This cause arose in the chancery court upon a claim-
ant's issue filed by Mrs. C. A. Whittington, setting up
her claim to a certain stock of goods levied on by the
sheriff by virtue of an execution issued by the chancery
court against C. A. Whittington on a judgment against
him in favor of the Yazoo Delta Mortgage Company.

We shall state only such facts as we deem material
to an understanding of the conclusions we have reached
herein:

C. A. Whittington, defendant in execution, and Mrs.
C. A. Whittington are husband and wife, having been
married late in the year 1920 or early in the year of 1921.
The husband bought a drug store and became the sole
owner thereof, operated theretofore, and thereafter
down to the date of the execution executed by the sheriff
herein, under the name of "City Drug Store."

In 1924 the husband took a position with the federal
government as narcotic inspector, and thereupon sold
his drug store, a three-fourths interest therein, to Mrs.
Whittington for a consideration of three thousand dol-
lars, and a one-fourth interest to Roy Whittington for
one thousand dollars. The transfer of the three-fourths

interest from the husband to the wife was in writing, acknowledged and recorded, and recited a consideration of three thousand dollars paid therefor. Subsequently, a few months later, Mrs. Whittington bought and paid for the one-fourth interest of her brother-in-law.

The bill of sale from the husband to his wife sets out a list of creditors, six in number, and lists the amount due them, in round numbers as about one thousand seven hundred dollars, which indebtedness was assumed by Mrs. Whittington and Roy Whittington. It is conceded that the Bulk Sales Law was not complied with in this sale by the husband to his wife, the appellant here.

The evidence in the case is to the effect that for a portion of the time in 1924 and 1925 the husband was not in the town of Tutwiler, but was engaged in the performance of his duties as inspector for the government. The evidence also shows that in 1926 the husband was engaged in farming, and that during that year some controversy arose between the Yazoo Delta Mortgage Company and C. A. Whittington, resulting in a lawsuit between them, which was evidently for a seizure of the crops, judging from the recitals in the judgment which was entered on November 12, 1926. The clerk was appointed to take charge of the crops, and the proceeds were to be credited on the judgment, after the sale, by the clerk. The amount of the judgment was seven hundred eighty-six dollars and fifty cents. Evidently there was some credit on this judgment, for the reason that the execution issued for five hundred forty-eight dollars and ninety-four cents.

In the course of the examination of Mrs. Whittington as his witness by the plaintiff in execution, the appellee here, Mrs. Whittington was very uncertain and indefinite as to where she obtained the money with which to purchase this stock of goods, not remembering whether the money was or was not in certain banks, but insisting that the money was her own, separate and distinct from her husband's property, and stating that her hus-

band's use of her money had always been ''a bone of
contention'' between them. At the time of their mar-
riage he was a student, and he is not shown to have had
any separate estate.

The testimony is uncontradicted that Mrs. Whitting-
ton gave her personal attention to the business of the
drug store, and that she kept the books, and it is also
shown that under her direction the husband purchased
goods for the store at times, and ''helped them out''
when they had a rush, and that she had a clerk employ-
ed who was constantly engaged in looking after the busi-
ness. The husband was shown to have been irregular in
his visits to Tutwiler and being about the store.

The plaintiff in execution made no effort to show
when his debt was created, or how the cause of action
arose, except what we have recited as being reflected
by the judgment in favor of the Yazoo Delta Mortgage
Company against the husband.

The court below entered a decree in favor of the Ya-
zoo Delta Mortgage Company, and Mrs. C. A. Whitting-
ton, the claimant, appeals here.

Counsel for appellant assigns as error that the court
below erred in holding:

(1)    That the sale of the stock of goods between the
husband and wife in bulk was a violation of section 3335,
Hemingway's Code 1927 (Laws 1908, chapter 100),
wherein the sale of a stock of goods in bulk is fraudulent
and void against the creditors of the seller unless sec-
tions (a), (b), and (c) shall have been complied with.

(2)    That the evidence in the case did not warrant
the court in holding that Mrs. Whittington violated sec-
tion 3334, Hemingway's Code 1927 (section 4784, Code
of 1906), in that the sign over the place of business was
not changed from the ''City Drug Store'' from the time
the husband bought the business until the execution was
levied.

In order to uphold the decree of the court below, it
would be necessary to hold either that the Bulk Sales

Law was violated, and applied to this creditor, or that the business sign statute was violated.

(1)   Was the violation of the Bulk Sales Law a fraud upon this creditor, the appellee?   Unhesitatingly we say that the statute is plain, and the material part is as follows:

"A sale of any portion of a stock of merchandise, otherwise than in the ordinary course of trade, or in the regular and usual prosecution of the seller's business, and a sale of an entire stock of merchandise in gross, shall be presumed to be fraudulent and void as against the creditors of the seller, unless, at least five (5) days before the sale."

The burden of proof was upon the appellee, the plaintiff in execution, to show that it was a creditor of C. A. Whittington on the date of the transfer of the stock of goods in bulk by C. A. Whittington to his wife.  This it has not done, but from the circumstances it is obvious to us that the cause of action arose out of a farming contract between C. A. Whittington and the Yazoo Delta Mortgage Company during the year 1926, more than two years after the sale.  The appellee was a subsequent creditor of C. A. Whittington, who is not shown as such creditor to have had any connection with or relation to the stock of drugs which is the subject of controversy here.  We think the authorities of other states are in unanimity that the Bulk Sales Law is not applicable to parties who were not creditors at the time of the transfer.  See 27 C. J. 879, section 888, and authorities there cited.

Counsel for appellee says this case is redolent with fraud.  We assume he means that the transaction was one between husband and wife; that it was the sale of the stock of goods; that the husband and wife did not agree as witnesses as to the source of the three thousand dollars recited to have been paid by the wife to the husband; and their testimony was very unsatisfactory.

We may concede all that counsel says, but his client may not avail of the Bulk Sales Law unless he was a creditor such as is described in the act.

Appellee cites the case of *Moore Dry Goods Co.* v. *Rowe & Carithers,* 99 Miss. 30, 54 So. 659, Ann Cas. 1913C, 1213, reported on suggestion of error, main opinion 97 Miss. 775, 53 So. 626, wherein this court held that the sale discussed in the case then before the court was fraudulent and void because said subsections (a), (b), and (c) had not been complied with. But the court was there dealing with a bulk sale wherein the buyer and seller had not complied with subsections (a), (b), and (c), or some material part thereof, and was dealing with a creditor whose debt existed at the time of the sale. There is nothing therein contrary to the announcement here made.

The Bulk Sales Law is in derogation of the common law, and must be strictly construed, and does not affect a subsequent creditor, unless perchance it may be that the evidence would disclose that the void bulk sale in some way affected the rights of the subsequent creditor. This we do not decide, because it is not in this case.

(2) That the evidence in this case did not warrant the court in holding that Mrs. Whittington violated section 3334, Hemingway's Code 1927 (section 4784, Code of 1906), in that the sign over the place of business was not changed from the "City Drug Store" from the time the husband bought the business until the execution was levied.

In this case on this question it does not appear that the husband transacted the business of the drug store after the sale. Immediately after the sale he was away for many months engaged in other business, and the evidence shows very little of his time was spent in this place of business, that Mrs. Whittington and the clerk selected by her transacted the business, and there is nothing to show that the husband, Whittington, under-

took to transact any business in his own name in so far as it affected the "City Drug Store." See *Adams* v. *Berg,* 67 Miss. 234, 7 So. 225; *Bufkin* v. *Lyon,* 68 Miss. 255, 10 So. 38; *Harris* v. *Robson,* 68 Miss. 506, 9 So. 829; *Carberry* v. *Burns,* 68 Miss. 573, 9 So. 290.

Se that we do not think the plaintiff in execution may levy upon the stock of goods herein by virtue of the sign statute cited, *supra.*

The court below should have rendered a judgment for the claimant, Mrs. C. A. Whittington, the appellant.

*Reversed, and judgment here for appellant.*